CITIZENS NATIONAL BANK *v.* FRANCIS J. HUBNEY ET AL.

BOGDANSKI, PETERS, HEALEY, PARSKEY and SHEA, Js.

Argued October 8—decision released October 28, 1980

*Robert L. Chase,* with whom, on the brief, was *Jeremiah M. Keefe,* for the appellants (named defendant et al.).

*Robert M. Axelrod,* with whom, on the brief, was *Thomas F. Noonan,* for the appellee (plaintiff).

PER CURIAM. In an action to enforce payment of a promissory note, summary judgment was rendered for the plaintiff, Citizens National Bank of Southington, against the defendants Francis Hubney, Gabriel Price, Justin A. Elliott, Stephen K. Elliott, Morris Stein, A.C. Bassett, a/k/a Albert C. Bassett, and Roger Hubney.[1] The defendants' appeal contests the propriety of the action of the trial court, *Stoughton, J.,* in granting the plaintiff's motion for summary judgment and in denying the defendants' motion for leave to file an amended answer.

The plaintiff's motion for summary judgment was supported by proper documentation. Filed after the pleadings between these parties had been closed; see Practice Book, 1978, § 379; it relied upon the contents of the pleadings, an affidavit by the plaintiff's president detailing, on the basis of his personal knowledge, the defendants' indebtedness, a copy of the underlying note and a copy of the defendants' partnership agreement. On the basis of this supporting documentation, the motion established, prima facie, that there was no genuine issue as to any material fact, and hence sought judgment as a matter of law. Practice Book, 1978, § 384. *Town Bank & Trust Co.* v. *Benson,* 176 Conn. 304,

[1] Certain other defendants named in the complaint were not named as parties to the motion for summary judgment and are not parties to this appeal.

306, 407 A.2d 971 (1978) ; *Plouffe* v. *New York, N. H. & H. R. Co.,* 160 Conn. 482, 488, 280 A.2d 359 (1971) ; Stephenson, Conn. Civ. Proc. (1979 Sup.) § 162.

The defendants filed no counteraffidavit directly contesting the motion for summary judgment, but asked instead for leave to amend their answer. That request was supported by an affidavit by one of the defendants stating that the plaintiff's conduct in setting off part of the defendants' indebtedness against a special deposit account created an issue about the amount of the defendants' indebtedness. Even if this affidavit is considered as an affidavit in opposition to the motion for summary judgment, it is conspicuously devoid of evidentiary matter contesting the underlying indebtedness or relating the allegedly improper setoff to the amount of the indebtedness. We have repeatedly held that "[i]n order to oppose successfully a motion for summary judgment, the opposing party must recite facts in accordance with Practice Book § 300 [now § 381] which contradict those offered by the moving party." *Dorazio* v. *M.B. Foster Electric Co.,* 157 Conn. 226, 229, 253 A.2d 22 (1968); *McColl* v. *Pataky,* 160 Conn. 457, 460, 280 A.2d 146 (1971); *Dowling* v. *Kielak,* 160 Conn. 14, 17, 273 A.2d 716 (1970); *Loubet* v. *Loubet,* 155 Conn. 695, 696, 230 A.2d 552 (1967); see also James & Hazard, Civil Procedure (2d Ed. 1977) pp. 149-50. A party seeking to resist summary judgment may not rely on underlying pleadings containing only general denials, or upon the pleadings of someone not a party to the motion for summary judgment to establish the existence of a "genuine issue" as to a material fact. *Plouffe* v. *New York, N. H. & H. R. Co.,* 160 Conn. 482, 490, 280 A.2d 359 (1971); *United Oil Co.* v. *Urban Redevelopment Commission,* 158 Conn. 364,

378–79, 260 A.2d 596 (1969); see also *Boyce* v. *Merchants Fire Ins. Co.,* 204 F. Sup. 311, 314 (D. Conn.), aff'd, per curiam, 308 F.2d 806 (2d Cir. 1962). In the absence of documents properly controverting the evidence offered by the plaintiff, the trial court was therefore fully justified in granting the plaintiff's motion for summary judgment both as to liability and as to damages. See Practice Book, 1978, §§ 384 and 385.

The trial court was equally justified in deciding, in the exercise of its discretion, not to permit further amendment of the defendants' answer after the pleadings had been closed and the motion for summary judgment filed.[2] Only in rare circumstances will this court overturn the decision of a trial court to grant or to deny motions for belated amendments to the pleadings. *Lawson* v. *Godfried,* 181 Conn. 214, 216, 435 A.2d 15 (1980); *Powel* v. *Burke,* 178 Conn. 384, 392, 423 A.2d 97 (1979); *DuBose* v. *Carabetta,* 161 Conn. 254, 263, 287 A.2d 357 (1971). There is no evidence of abuse of discretion in this case.

There is no error.

---

[2] The record reveals the following timetable: plaintiff's complaint, August 19, 1977; defendants' answer, May 14, 1979; amended cross complaint, August 2, 1978; plaintiff's motion for summary judgment, November 5, 1979; defendants' request to amend answer with reference to a July 9, 1979 set-off, November 19, 1979.