[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The defendant Sealand Environmental Services, Inc. (Sealand) claims that the co-defendant Burtville Associates was the owner of the property and adjacent parking lot where the plaintiff fell and sustained personal injuries, and that Sealand, which is a tenant on a month to month lease, has no liability. On that basis Sealand has moved for summary judgment.
Under section 384 of the Connecticut Practice Book a summary judgment can be granted if the pleadings, affidavits CT Page 2777 and other documentary proof show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Bartha v. Waterbury House Wrecking Co., 190 Conn. 8, 11; Yanow v. Teal Industries, Inc., 178 Conn. 262, 268. To satisfy this burden, the moving party must make a showing that it is quite clear what the truth is, and that it excludes any real doubt as to the existence of any genuine issue of material fact. D.H.R. Construction Co. v. Donnelly, 180 Conn. 430, 434; Fogarty v. Rashaw, 193 Conn. 442, 445. In determining whether there is a material issue of fact, the evidence is considered in the light most favorable to the nonmoving party. Strada v. Connecticut Newspapers, Inc., 193 Conn. 313,317; Town Bank Trust Co. v. Benson, 176 Conn. 304,309. The Practice Book used to provide that in order to successfully oppose a motion for summary judgment, the opposing party had to recite facts and produce evidence to contradict facts offered by the moving party. See Citizens National Bank v. Hubney, 182 Conn. 310, 312. The moving party is no longer automatically entitled to summary judgment merely because no counteraffidavit is filed. The court can consider the pleadings and other documentary proof already in the court file. Sections 380 and 384 Connecticut Practice Book.
In this case the terms of the month to month lease are not clear. A material question on the issue of liability is who had control over the parking lot where the plaintiff's injuries occurred. There is evidence in the record, in the form of answers to interrogatories, a statement from Walter R. Archer, Jr. and the answer of Burtville Associates to the complaint, that leaves open the possibility that Burtville did not have exclusive control over the area in question. The evidence is not sufficiently clearcut to grant summary judgment. On a motion for summary judgment the court determines whether an issue of fact exists but does not try that issue if it does exist. Dorazio v. M.B. Foster Electric Co., 157 Conn. 226, 228.
The motion for summary judgment is denied.
ROBERT A. FULLER, JUDGE