[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT OF THE DEFENDANT KENNETH R. FONTAINE
The defendant Kenneth R. Fontaine moves for summary judgment pursuant to Practice Book 379 et seq. claiming no genuine issue as to material fact, and that he is not liable and is entitled to judgment as a matter of law.
In the first count of the complaint the plaintiff alleges that both he and the defendant Fontaine became obligated to stop their vehicles due to impending traffic and that a third vehicle operated by the defendant Scott E. Emmons collided with great force with the rear of the Fontaine vehicle causing it to collide with great force with the rear of plaintiff's vehicle. In the second count the plaintiff claims in the alternative that the accident was due to defendant Fontaine's negligence in that he failed to maintain a reasonable distance between his vehicle and that of the plaintiff, was inattentive and failed to keep a proper lookout, failed to keep his vehicle under proper and reasonable control, operated at unreasonable rate of speed, failed and neglected to make reasonable and proper use of the brakes, and that his brakes were not in good working order and finally that he failed to turn his vehicle to the left or the CT Page 608 right or stop in time to avoid striking the plaintiff's vehicle.
Only when the pleadings, affidavits and other proof submitted on a motion for summary judgment show no genuine issue of material fact exists, and that the moving party is entitled to judgment as a matter of law, should summary judgment be entered for the moving party. Connecticut Practice Book 384. A material fact is one which might make a difference in the case.
All parties originally filed motor vehicle accident reports indicating that the Kehlenbach and Fontaine vehicles were stopped at the time the third driver struck the rear of Fontaine's car pushing it into Kehlenbach's vehicle. Kehlenbach has now filed an affidavit stating "I do not know whether that Fontaine vehicle was stopped or was moving at the time it was struck by the vehicle being operated by Scott Emmons", the third driver.
The plaintiff has not presented facts which contradict Fontaine's claim that he was stopped. See Citizens National Bank v. Hubney, 182 Conn. 310, 311 (1980).
If the defendant Fontaine were stopped, the plaintiff could not prevail on some of the claims of negligence e.g. that defendant Fontaine was operating at an unreasonable speed. However, that cannot be said as a matter of law as to all specifications of negligence in the plaintiff's complaint.
For that reason summary judgment is denied.
FLYNN, JUDGE