[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff's complaint, dated October 18, 1989, seeks a foreclosure of municipal tax liens for real estate taxes owed by the defendants, James and Susan McGovern, to the Town of Wilton. The defendants filed an answer to the complaint on or about December 8, 1989, and then filed an amended answer, counterclaim and setoff on or about January 22, 1990. In response, the plaintiff Town of Wilton filed a request to revise on or about May 25, 1990, seeking to delete all four counts of the counterclaim and setoff. The defendants failed to file any objection to the request to revise within thirty (30) days. Pursuant to Practice Book 149, the plaintiff's request to revise is, therefore, automatically granted, and the defendants' counterclaim and setoff are deleted as a matter of law. It follows that the only substantive pleadings before the court for purposes of this motion for summary judgment are the complaint and the answer. The defendant, Union Trust Company, which has an interest in the property by virtue of a mortgage, filed a disclosure of no defense on or about February 16, 1990. The defendant, Village Bank and Trust Company, which also has an interest in the property by virtue of a mortgage, also filed a disclosure of no defense, but reserved its rights with respect to whether the foreclosure should be strict or by sale, etc.
The defendants, James and Susan McGovern, in their answer, admitted their ownership and possession of the subject premises, known as 124 Old Highway in Wilton. The only remaining issues raised by the pleadings are whether the taxes were duly and properly assessed, and for what years, whether the taxes have been fully paid, and whether there are tax liens on the property.
Connecticut General Statutes 12-111 provides a remedy to those persons claiming to be aggrieved by the acts of the tax assessors, by providing for an appeal to the Board of Tax Review. In addition, Conn. Gen. Stat. 12-118 provides for an appeal to the Superior Court to any person aggrieved by a decision of the Board of Tax Review. This appeal may be taken within two months of the decision of the Board of Tax Review. In addition, Conn. Gen. Stat. 12-119 provides a remedy when property is wrongfully assessed by allowing the owner or lessee of the property to make an application for relief to the Superior Court within one year from the date of the last tax evaluation of the property. In the CT Page 1695 case of Norwich v. Lebanon, 200 Conn. 697 (1986) the court set out he method of obtaining relief from an illegal or excessive assessment.
 This court declared in Norwich I that relief from an illegal or excessive assessment is obtainable only (1) by appeal to the board of tax review and then by a further appeal within two months, to the Superior Court pursuant to 12-111 and 12-118 or (2) by an action in court pursuant to 12-119 within one year from the last valuation date.
Id at 707.
The Norwich court went on to state:
 "We have frequently held that where a statute has established a procedure to redress a particular wrong a person must follow the specified remedy and may not institute a proceeding that might have been permissible in the absence of such a statutory procedure. LaCroix v. Board of Education, 199 Conn. 70, 78, 505 A.2d 1233
(1986). `Where the General Assembly has established complete, adequate and speedy statutory remedies for alleged tax irregularities, a taxpayer must exhaust them." Hoffman v. Colorado State Board of Assessment, 683 P.2d 783, 785 (Colo. 1984)
Id. at 708-709.
There is no question of fact as to whether the defendant exercised his right to appeal the tax assessment. Because he failed to exercise his right of appeal, within the statutory time limit, he has waived that right. Therefore, there is no question of fact as to the due proper assessment of the tax.
Additionally, in his affidavit attached to his memorandum in opposition to summary judgment, McGovern "denies receiving any notice from the Wilton tax collector that taxes had been assessed. . . . or that taxes were not paid prior to the institution of this lawsuit." Counteraffidavit, 30.
The lawsuit was instituted by complaint dated October 18, 1989. The sheriff's return is dated November 18, 1989. The plaintiff attached a copy of a demand letter and affidavit dated October 10th, 1989, to its memorandum in support of its motion. The tax collector's attached affidavit states that the taxes stated in count one of the complaint, due on July 1, 1986, and January 1, 1987, were paid subsequent to the filing of the instant lawsuit. Taxes due on July 1, 1987 and forward through CT Page 1696 January 1, 1990, duly and properly assessed, have not been paid, according to the affidavit.
A moving party is entitled to judgment as a matter of law if the court would grant a directed verdict on the same evidence. Nolan v. Bankawski [Borkowski], 206 Conn. 495, 500 (1988). The burden is on the movant, the evidence must be viewed in the light most favorable to the nonmovant and he is given the benefit of all favorable inferences that can be drawn. Evans Products Co. v. Clinton Building Supply, Inc., 174 Conn. 512, 516 (1978). It is only after the movant has met this burden that the opponent bears the burden of presenting facts which contradict those offered by the movant. Citizens National Bank v. Habney, 182 Conn. 310, 311
(1980).
 It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court under Practice Book 380.
State v. Goggin, 208 Conn. 606 — 616 (1988).
 Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court under Practice Book 380. (citations omitted)
Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 579
(1990).
 To oppose a motion for summary judgment successfully, the defendant must recite specific facts . . . which contradict those stated in plaintiff's affidavits and documents.
Farrell v. Farrell, 182 Conn. 34, 39-40 (1980).
The McGoverns have failed to recite specific and material facts which contradict those stated in the plaintiff's affidavits and documents on the issue of payment as set forth in counts two through four. Certified copies of the tax liens have also been provided and the defendants have equally failed to sufficiently refute the plaintiff's proof on that issue. Therefore, no material fact exists as to whether the amounts owed have been paid and whether there are tax liens on the property.
Accordingly, the plaintiff's motion for summary judgment CT Page 1697 is granted. Costs of $230.20 and counsel fees of $3,000 are awarded.
KATZ, J.