[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff herein has brought suit against three defendants, The Stop and Shop Companies, Inc., The Coca-Cola Company, and The Coca-Cola Bottling Company of New York, Inc., alleging that CT Page 2851 she sustained injuries and damages on or about October 7, 1986 as the result of ingesting some contaminated Diet Cherry Coke which she had purchased from the defendant Stop and Shop. This action is brought pursuant to the Connecticut Products Liability Act, Connecticut General Statutes 52-572(m), et. seq.
By way of motion dated February 20, 1991, The Coca-Cola Company has moved for summary judgment. The defendant claims that there is no genuine issue of material fact with relation to its lack of liability.
It goes without saying that Coca-Cola Company was a manufacturer of a component part, the beverage base, of the subject soda (See Davis affidavit paragraph 6). As such, pursuant to Connecticut General Statutes 52-572m(a) and (e), the defendant Coca-Cola Company is a "product seller" and "manufacturer" within the meaning of the act and is therefore subject to liability under the act. See also Burkert v. Petrol Plus of Naugatuck, Inc., 216 Conn. 65, 72 (1990). The defendant tries to escape liability on a motion for summary judgment by relying on affidavits to show that it had nothing to do with the bottles, cans or any of the various supplies used in the bottling or canning of the finished beverage, Diet Cherry Coke; that only the Coca-Cola Bottling Company of New York, Inc. was responsible for the bottling of the finished beverage; and that pursuant to a lab report submitted through the Trumbull Director of Health and Town Sanitation, Ronald Murray states that the only foreign substance found in the sample of Diet Cherry Coke was Penicillin SP, and that there was a small hole in the can that would have allowed carbonation to dissipate which in turn would have permitted the growth of the substance or mold.
The plaintiff opposes the motion and claims that Mr. Murray's affidavit was in the nature of expert testimony[1] or opinion and that such opinion was based on a report from an unidentified person at the Department of Health Services.[2] The plaintiff does nothing to counter the statements offered and relied upon by the defendant. The affidavit corroborates the toxicological report which with proper foundation would come into evidence at trial. Even if the report were offered by someone other than the chemist who performed the test, (as long as the results were the product of a standard testing procedure) the indicia of reliability inherent to this type of documentary evidence would allow it to be offered. See State v. Wilson-Bey, 21 Conn. App. 162, 169 (1990). Therefore, the court can consider it now.
A moving party is entitled to judgment as a matter of law if the court would grant a directed verdict on the same evidence. Nolan v. Borkowski, 206 Conn. 495, 500 (1988). The CT Page 2852 burden is on the movant, the evidence must be viewed in the light most favorable to the nonmovant and he is given the benefit of all favorable inferences that can be drawn. Evans Products Co. v. Clinton Building Supply, Inc., 174 Conn. 512,516 (1978). It is only after the movant has met this burden that the opponent bears the burden of presenting facts which contradict those offered by the movant. Citizens National Bank v. Habney, 182 Conn. 310, 311 (1980).
 It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court under Practice Book 380.
State v. Goggin, 208 Conn. 606-616 (1988).
 Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court under Practice Book 380. (citations omitted).
Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573,579 (1990).
 To oppose a motion for summary judgment successfully, the defendant must recite specific facts . . . which contradict those stated in plaintiff's affidavits and documents.
Farrell v. Farrell, 182 Conn. 34, 39-40 (1980).
The plaintiff has done nothing to contradict the defendant's affidavits and documents. Therefore, the court is left with the allegation of the foreign and damaging object being found in the finished product and an affidavit relying on a toxicological report, that explains the subject's entry into the finished product via a hole in the can for which the moving party has no responsibility.[3] In the absence of any evidence showing that the object was in the concentrate, no issue of fact exists as to the Coca-Cola Company's liability. Therefore, said defendant is entitled to judgment as a matter of law and the motion for summary judgment is granted.
JOETTE KATZ, JUDGE