[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT CT Page 6501
Rose Marie Mercer (plaintiff) alleges in her complaint that the floor wax manufactured by the defendant was defective and caused her to fall on May 15, 1987.
Summary Products Corporation (defendant) moves for summary judgment pursuant to P.B. 378, et seq., claiming that there is no genuine issue as to any material fact in that plaintiff's witnesses are unable to give an opinion on whether the product was defective. In order to support its claim, the defendant submitted the relevant portions of the transcript of Dr. Morton Fine (disclosed as the plaintiff's expert) wherein the deponent avers that he never tested the subject floor wax and had no basis to form an opinion as to whether the product was defective; the transcript of Nicholas D. Palermo wherein the deponent avers he tested the product, found the results to be "fair" when he compared the subject product with other waxes; and the affidavit of Theodore A. Faraci, the Chief of Standards and Tests for the State, who tested the product and listed it on the acceptable brands list for floor finishes for the State.
The plaintiff counters by claiming the following issues of fact:
1. Mrs. Boothroyd, a fellow employee, slipped on the same day in the same building at or about the same time on the same floor. The plaintiff refers the court to Exhibit A which is a photocopy of an accident report;
2. That the defendant received numerous complaints at or around the same time of the employees who walked on surfaces covered with the defendant's products. (The plaintiff refers the court to Exhibit B, pages 7 and 8, of the deposition of Nicholas Palermo.) Said deposition in relevant part reads: "The people called, just workers in the Labor Department, the building where my office is, they made calls to our department and they were complaining about falls. . . .";
3. That OSHA officers for the State of Connecticut found the defendant's product to be the least safe of three products tested and the State discontinued its use. The plaintiff refers the court to Exhibit C.
Summary judgment is a method of resolving litigation when the "pleadings, affidavits and any other proof" submitted show CT Page 6502 that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. P.B. 384, Strada v. Connecticut Newspapers, Inc., 193 Conn. 313,316-317. The party moving for summary judgment bears the burden of proving the absence of a dispute as to any material fact. Id.
A party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with evidence disclosing the existence of such an issue. P.B. 380, 381, Strada, supra, id.
Pleadings do not constitute documentary proof under P.B. 380. Unadmitted allegations of pleadings, therefore, do not constitute documentary proof of the existence of a genuine issue as to any material fact on a motion for summary judgment. The quantum of evidentiary proof admissible at trial relevant to these allegations, or any later amendment of them, is not documentary proof under 380 probative of, or relevant to, the grant or denial of summary judgment. The court's consideration of a motion for summary judgment is limited to the evaluation as a matter of law of the documentary proof submitted under 380. Paine, Webber, Jackson Curtis, Inc. v. Winters, 13 Conn. App. 712,721-22.
P.B. 380 reads in relevant part: "A motion for summary judgment shall be supported by such documents as may be appropriate, including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like." (Emphasis added). The language of 380 requires the documents submitted to be probative and in the nature of proof. Incompetent evidence such as hearsay cannot be considered to establish an issue of fact in a motion for summary judgment.
ISSUE: Has the plaintiff evidence which creates a genuine issue as to whether the defendant's product is defective?
The defendant's documentary evidence sustaines his burden of proof that there is no genuine issue of material fact relevant to whether the product is defective.
The plaintiff's counter documentary evidence is deficient. The defendant submits Exhibit A as evidence that another person fell at or about the same time and place as the plaintiff. Putting aside the relevancy issue of this proffer, the document submitted as Exhibit "A" is simply not sufficient to establish an issue of fact. The supporting documents must be in the nature of proof. CT Page 6503
The defendant's Exhibit B is likewise not competent to establish an issue of fact. Exhibit B, although in transcript form, does not state the personal observation of the deponent, but merely indicates that workers in the Department of Labor called complaining of falls.
The defendant's Exhibit C, combined with the relevant portions of Exhibit B wherein Mr Palermo conducts various tests, simply concludes that the defendant's product is the least slip resistant of the two products with which it was compared. The deponent had no opinion as to whether the product was defective. This does not establish an issue of fact as to the defective nature of the product. Being the least slip resistant when compared to two other products is not proof that the subject product is defective.
In order to oppose successfully a motion for summary judgment, the opposing party must recite facts in accordance with (P.B. 381) which contradict those offered by the moving party. Citizens National Bank v. Hubney, 182 Conn. 310, 312
(1980).
The plaintiff relies on hearsay proffers to attempt to establish a genuine issue of material fact — that is not acceptable in a motion for summary judgment.
The court did not consider other exhibits (Exhibit D and "Acceptable Brands List 6-8-89") filed by the defendant which did not comply with P.B. 380 and 381.
The motion for summary judgment is granted.
Miano, J.