[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT CT Page 9877
The plaintiff, Marion Greene, filed an amended complaint on March 25, 1991. In count one, he alleges that the defendant New London Education Association, plaintiff's union, breached its duty of fair representation in declining to file a grievance on his behalf when his paid, two-month leave of absence from the New London Public Schools was conditioned upon his retiring at the end of the two months. In count two, the plaintiff further alleges that defendant's breach of its duty of fair representation has caused him to suffer emotional distress. The plaintiff seeks compensatory damages for backpay, lost insurance benefits, fringe benefits, and retirement benefits.
On May 1, 1991, the defendant filed an answer to the plaintiff's amended complaint and alleged two special defenses: the statute of limitations and lack of subject matter jurisdiction. On May 13, 1991, the plaintiff filed his reply to the defendant's special defenses. On October 29, 1991, the defendant filed an amended answer and realleged the two special defenses alleged in its answer filed on May 1, 1991. Although the plaintiff has not replied to the special defenses contained in the defendant's amended answer, pursuant to Practice Book 177, the plaintiff's reply, filed on May 13, 1991, to the defendant's answer and special defenses of March 25, 1991, is "regarded as applicable so far as possible to the amended pleading." Therefore, the pleadings are considered closed between the parties as required by Practice Book Section 379.
On March 27, 1992, the defendant filed a motion for summary judgment as to both counts on the grounds that the court lacks subject matter jurisdiction because the plaintiff failed to exhaust his remedies under the collective bargaining agreement before bringing this action, and that CT Page 9878 the New London Board of Education did not violate the collective bargaining agreement by denying plaintiff an unconditional paid leave of absence. Defendant asserts that it was under no obligation to grieve such a denial and is therefore not liable to plaintiff for breach of the duty of fair representation.
The defendant has supported his motion with a memorandum of law, an affidavit by the defendant's President attesting to the attached collective bargaining agreement, certified copies of depositions of plaintiff and plaintiff's doctors, and documents identified at the depositions. Plaintiff has filed a memorandum of law in opposition to defendant's motion and two exhibits noting plaintiff's request to the Superintendent of Schools for a medical leave of absence until such time that the doctor sees fit that he may return to work. These two exhibits are not certified, notarized, or attested to, and, under our rules would not be considered except that the same exhibits are presented by defendant and have been authenticated at the plaintiff's depositions.
A motion for summary judgment is made prior to the start of trial and states that the moving party is entitled to judgment as a matter of law because there is no genuine issue of material fact. Connell v. Colwell, 214 Conn. 242,246, 571 A.2d 116 (1990). "[A]ny party may move for a summary judgment, provided that the pleadings are closed as between the parties to that motion . . . ." Practice Book 379. The moving party "has the burden of showing the absence of any genuine issue as to all the material facts, which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . ." D.H.R. Construction Company, Inc. v. Donnelly, 180 Conn. 430, 434, 429 A.2d 908
(1980), quoting 6 Moore, Federal Practice (2d Ed.) paragraph 56.15[3]. The evidence is viewed "in the light most favorable to the nonmoving party." Connell, supra, 247. However, the "party seeking to resist summary judgment may not rely on the underlying pleadings containing only general denials, . . . to establish the existence of a "genuine issue" as to a material fact." Citizens National Bank v. Hubney,182 Conn. 310, 312, 438 A.2d 430 (1980).
"Subject matter jurisdiction can be raised at any time and the lack thereof can neither be waived; nor CT Page 9879 conferred by consent. . . ." Daley v. Hartford, 215 Conn. 14,26, 574 A.2d 194, cert. denied 111 S.Ct. 513 (1990). "If the face of the record indicates that the court is without jurisdiction, the complaint must be dismissed." Upson v. State, 190 Conn. 622, 626, 461 A.2d 991 (1983).
The defendant argues that the collective bargaining agreement sets forth the procedure for a member of the union to file a grievance for a claimed violation of the agreement by the New London Public Schools. Defendant argues that plaintiff has failed to follow this procedure and because of that has lost his right to bring an action.
Plaintiff argues that at the time of the School Board's granting of a two month paid leave of absence, conditioned on plaintiff's retiring at the expiration of the two months, he asked Walter Williams, the President of the defendant union, to file a grievance on his behalf. The plaintiff states that he did not file a grievance himself because he was emotionally unable at the time. The plaintiff further argues that the failure to exhaust grievance procedures should be excused on other grounds such as inadequacy of internal relief. Clayton v. Automobile Workers, 451 U.S. 679, 101 S.Ct. 2088, 68 L.Ed.2d 538 (1981). The plaintiff argues also that the courts have expanded excuses for the failure to exhaust grievance procedures on a case by case basis and that since excuse of emotional incapacity in this case is an issue of first impression, this court should recognize it as an exception.
According to Article III, A(1) of the collective bargaining agreement between the defendant and the plaintiff's employer, a "grievance" is defined as "an alleged violation, misapplication, or misinterpretation of a specific section of this agreement or of any written Board Policy." The plaintiff has alleged that the failure to grant him an extended paid leave of absence is a violation of Article XVI, C, which states:
 [s]taff members shall be permitted emergency leave with pay in situations where the issue is of unusual and important significance, normally not weather, wholly beyond the control of the staff member and shall not be used to CT Page 9880 extend holidays, weekends or vacation periods. Emergency leave will normally be limited to one school day at a time. All emergency leave situations shall be referred to the Superintendent or the Superintendent's designee.
"A grievance shall be deemed waived unless it is submitted within twenty-one school days after the aggrieved party knew or should have known of the events or conditions on which it is based." Article III, A(5). The collective bargaining agreement provides for a four step grievance procedure. It begins with the teacher bringing the grievance to his supervisor's or principal's attention in an attempt to resolve it informally. If there is no satisfaction at the first level, the aggrieved person can file a written grievance with the Association. The Association may forward the grievance to the Superintendent of Schools, if it deems the grievance warrants further action. If the Association decides the grievance does not warrant any further action, the aggrieved person may on his own take his grievance to the Superintendent and then the School Board.
If the Association has brought the grievance to the Superintendent and either no action has been taken by the Superintendent or the aggrieved person is dissatisfied with the disposition at level two, the aggrieved person may seek the Association to present the grievance to the School Board. If the Association decides the grievance does not warrant further action, the aggrieved person can take the grievance to the Board himself. If the grievance is presented to the School Board by the Association and if there has been no action by the Board or the aggrieved person is dissatisfied with the disposition by the Board, the aggrieved person may request in writing that the Association submit the grievance to arbitration. If the Association determines that the grievance is meritorious, that it involves the interpretation, meaning or application of the provisions of the Agreement, it may by written notice to the Board submit the grievance to arbitration.
Article III, section E(5) states:
 The sole remedy available to any teacher for any alleged breach of this CT Page 9881 Agreement or any alleged violation of a right hereunder shall be pursuant to the grievance and arbitration procedure, provided however, that nothing contained herein shall deprive any teacher or the Board of any legal right.
The Teachers Negotiation Act, Connecticut General Statutes 10-153a, et seq., provides for teachers to be represented by a union. This Act "is essentially patterned on the National Labor Relations Act so that federal judicial interpretations of the federal act are of great assistance and persuasive force in the interpretations of it." Board of Education v. Connecticut State Board of Labor Relations,190 Conn. 235, 241, 460, A.2d 1255 (1983). Cases interpreting the federal law recognize that an employee must exhaust internal union remedies before they may resort to the courts claiming that the union has breached its duty of fair representation. Mills v. Long Island Rail Road Co., 515 F.2d 181
(2nd Cir. 1975). This requirement is excused only when attempts at relief from the union would be futile. Clayton v. U.A.W., supra; Jones v. Trans World Airlines, Inc.,495 F.2d 709 (2nd Cir. 1974). "It is well settled under both federal and state law that, before resort to the courts is allowed, an employee must at least attempt to exhaust exclusive grievance and arbitration procedures, such as those contained in the collective bargaining, agreement. . . ." Daley, supra 23, citing Vaca v. Sipes, 386 U.S. 171 184,87 S.Ct. 903, 17 L.Ed.2d 842 (1967); Republic Steel Corp. v. Maddox,379 U.S. 650, 652, 85 S.Ct. 614, 13 L.Ed.2d 580 (1965); Hartford Principals' Supervisors' Assn. v. Shedd, 202 Conn. 492,500, 522 A.2d 264 (1987). Our Supreme Court has observed that the General Assembly in enacting the Teachers Negotiation Act "clearly intended that it is `not only permissible but desirable' for grievances between employees, including school administrators, and the employer, including the board of education, to be settled through contract grievance-arbitration procedures." School Administrators Assn. v. Dow, 200 Conn. 376, 381, 511 A.2d 1012 (1986). Therefore, "`as a matter of state law, parties to a collective bargaining agreement must attempt to exhaust the exclusive grievance and arbitration procedures established in their agreement before resorting to court.'" Daley, supra 22, quoting School Administrators Assn., supra 382.
CT Page 9882 The plaintiff has failed to exhaust the administrative remedies available under the collective bargaining agreement before bringing this action for the breach of the duty of fair representation by the Union. The plaintiff has not provided, nor has research revealed, any legal basis for the court to find that emotional incapacity is an excuse for failing to exhaust grievance procedures.
It is found that this court lacks subject matter jurisdiction over the plaintiff's claim due to the failure to exhaust the grievance procedures as stated in the collective bargaining agreement. The court therefore need not consider the other ground for summary judgment as a finding of a lack of subject matter jurisdiction is dispositive of the case.
The motion for summary judgment is granted.
Leuba, J.