[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMO IN RE: SUMMARY JUDGMENT #108
A motion for summary judgment shall be granted if the moving party is entitled to judgment as a matter of law because there is no genuine issue as to any material fact of the case. Practice Book 384. The court in considering the motion shall examine "the pleadings, affidavits and any other proof submitted." Practice Book 384. The moving party has the burden of showing that there is no genuine issue of material fact. D.H.R. Construction Co. v. Donnelly, 180 Conn. 430, 434, 429 A.2d 908 (1980). The evidence is viewed "in the light most favorable to the nonmoving party." Connell v. Colwell, 214 Conn. 242, 247, 571 A.2d 116 (1990).
However, while the moving party does have the burden of showing no genuine issue of material fact, the "party seeking to resist summary judgment may not rely on the underlying pleadings containing only general denials . . . to establish the existence of a `genuine issue' as to a material fact." Citizens National Bank v. Hubney, 182 Conn. 310, 312, 438 A.2d 430 (1980). "To oppose a motion for summary judgment successfully, the nonmovant must recite specific facts in accordance with Practice Book 380 and CT Page 805 381, which contradict those stated in the movants affidavits and documents." Farrell v. Farrell, 182 Conn. 34, 39-40, 438 A.2d 415
(1980).
The plaintiff has submitted a sworn to affidavit as to the amount of the debt and copies of two invoices that concur with this amount. The defendant has not filed an objection to this motion, nor has it filed any evidence contradicting facts alleged by the plaintiff. The defendant has merely made a general denial as to plaintiff's complaint.
The plaintiff's motion for summary judgment is granted based on the evidence submitted.
SYLVESTER, J.