[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
I. FACTS
The plaintiff, Paul Campbell, filed a three count complaint on September 15, 1992, alleging that Sound Rigging Services, Inc. (hereinafter defendant) is liable to the plaintiff for extensive damage sustained to plaintiff's vessel, a 45' Palmer Johnson custom sloop.
The complaint alleges that the defendant, a retail seller of marine products, sold and provided to the plaintiff certain vessel rigging materials, fabrications, and labor services. Plaintiff alleges that on or about May 19, 1990, while on the waters of Long Island Sound, plaintiff's vessel sustained extensive damage caused by the defective and deficient rigging equipment which had been installed and approved by the defendant. CT Page 5672
In the first count of the complaint, plaintiff alleges that the loss and damages sustained by the plaintiff constitute a product liability claim pursuant to General Statutes Sec. 52-572m et seq., and that the defendant is a "product seller" as defined in Section 52-572m(a). In the second count, plaintiff incorporates the allegation that the defendant was a retail seller of marine products, and further alleges that in October, 1989, the defendant impliedly warranted to perform repairs to plaintiff's vessel in a workmanlike and competent manner. Plaintiff further alleges that the defendant breached his warranty with the plaintiff by not using new items of equipment and rigging, and, as a direct consequence of the defendant's alleged breach, damages resulted to plaintiff's vessel. In the third count, plaintiff alleges that the vessel's rigging failure was caused by the defendant's negligence in improperly reusing and reinstalling a portion of the vessel's rigging.
On January 11, 1993, the defendant filed an answer. By way of two special defenses, the defendant asserts that (1) any losses sustained by the plaintiff were caused by his own nigligence [negligence] and; (2) "any losses sustained by the plaintiff were the unavailable [sic] result of natural forces to which plaintiff's vessel and its rigging were subjected."
On March 10, 1993, the defendant filed a motion for summary judgment as to the second and third counts of the plaintiff's complaint on the ground that the express language of General Statutes Sec. 52-572m bars the plaintiff's common law claims.
As required by Practice Book Sec. 380, the defendant has timely filed a memorandum of law in support of its motion for summary judgment. On March 26, 1993, the plaintiff filed a memorandum in opposition.
II. DISCUSSION
A motion for summary judgment shall be granted "`if the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Connell v. Colwell, 214 Conn. 242, 246, 571 A.2d 116
(1990), quoting Zichichi v. Middlesex Memorial Hospital,204 Conn. 399, 402, 528 A.2d 805 (1987). A material fact is a CT Page 5673 simple fact which will make a difference in the result of the case. Genco v. Connecticut Light and Power Co., 7 Conn. App. 164,167, 508 A.2d 58 (1986). The burden of proof is on the moving party. State v. Goggin, 208 Conn. 606, 616,546 A.2d 250 (1988). The facts presented must be viewed in the light most favorable to the party opposing the motion. Id. "`To satisfy his burden, the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact.'" Fogarty v. Rashaw, 193 Conn. 442, 445, 476 A.2d 582
(1984), quoting Dougherty v. Graham, 161 Conn. 248, 150,287 A.2d 382 (1971). Issue finding, rather than issue determination, is the key to the procedure. Yanow v. Teal Industries, Inc., 178 Conn. 262, 269, 422 A.2d 311 (1979).
General Statutes Sec. 52-572n(a) states:
 A product liability claim as provided in sections 52-240a, 52-240b, 52-572m to 52-572r, inclusive, and 52-577a may be asserted and shall be in lieu of all other claims against product sellers, including actions of negligence, strict liability and warranty, for harm caused by product.
General Statutes Sec. 52-572m(b) states:
 "Product liability claim" includes all claims or actions brought for personal injury, death or property damage caused by the manufacture, construction, design, formula, preparation, assembly, installation, testing, warnings, instructions, marketing, packaging or labeling of any product. "Product liability claim" shall include, but is not limited to, all actions based on the following theories: Strict liability in tort; negligence; breach of warrant, express or implied; breach of or failure to discharge a duty to warn or instruct, whether negligent or innocent; CT Page 5674 misrepresentation or nondisclosure, whether negligent or innocent.
The supreme court in Daily v. New Britain Machine Co., 200 Conn. 562, 571, 512 A.2d 893 (1986), stated that a plaintiff "cannot bring a common law cause of action for a claim within the scope of the [product liability] statute." See also Winslow v. Lewis-Shepard, Inc., 212 Conn. 462,562 A.2d 517 (1989) (legislature intended to make the Products Liability Act an exclusive remedy for claims falling within its scope).
However, General Statutes Sec. 52-572n(a) provides only that it is the exclusive remedy for "claims against product sellers." Burkert v. Petrol Plus of Naugatuck, Inc.,216 Conn. 65, 73, 579 A.2d 26 (1990). "The statute does not foreclose common law claims against those who are not product sellers. . . ." Id.
The defendant, in its memorandum of law in support of its motion for summary judgment, argues that since General Statutes Sec. 52-572n makes a product liability claim the exclusive remedy for claims asserted against product sellers, the second and third counts of the plaintiff's complaint are barred as a matter of law.
The plaintiff, in his memorandum of law in opposition to the defendant's motion for summary judgment, argues that (1) the defendant's answer dated January 11, 1993, by virtue of its denials, raises genuine issues of material fact and, (2) the allegations set forth in the second and third counts of the plaintiff's complaint do not pertain to the sale of a product, but rather, pertain to the providing of a repair service and is therefore outside the purview of General Statutes Sec. 52-572n.
As to the plaintiff's first argument, "[p]leadings per se do not constitute documentary proof under Sec. 380." Paine Webber Jackson Curtis, Inc. v. Winters, 13 Conn. App. 712,721, 539 A.2d 595 (1988). "A party seeking to resist summary judgment may not rely on underlying pleadings containing only general denials. . . ." Citizens National Bank v. Hubney, 182 Conn. 310, 312, 438 A.2d 430 (1980). The plaintiff's first argument in opposition to the defendant's motion CT Page 5675 for summary judgment is unpersuasive.
As to the plaintiff's second argument, the second count of the plaintiff's complaint incorporates the allegations of paragraph two of the first count: that the defendant was a retail seller of marine products; and further alleges a common law claim sounding in breach of warranty.
Since the plaintiff has alleged in the second count of his complaint that the defendant is a product seller as defined by General Statutes Sec. 52-572m, and since a product liability claim, pursuant to General Statutes Sec. 52-572m(b), includes actions based on breach of warranty, the clear language of General Statutes Sec. 52-572n makes a product liability claim the exclusive remedy for the plaintiff. Therefore, it is decided that the summary judgment should be granted as to the second count of the plaintiff's complaint.
In the third count of his complaint, the plaintiff alleges that in October of 1989, the defendant was to make repairs to the rigging equipment of the plaintiff's vessel. The third count further alleges that the defendant's negligence, in improperly reusing and reinstalling a portion of the vessel's rigging, caused extensive damage to the vessel.
Plaintiff contends in his opposition memorandum that the third count pertains to the defendant's actions in connection with its use, service, and repair of rigging equipment which belonged to the plaintiff, and that plaintiff has not made reference to the defendant as a product seller in the third count. According to the plaintiff, the negligence claim in the third count is brought against the defendant as a repairer of the plaintiff's own equipment, and not as a seller of a product pursuant to General Statutes Sec. 52-572m.
In Rodia v. Tesco Corporation, 11 Conn. App. 391,527 A.2d 721 (1987) the court held that where a lessor is a product seller within the meaning of General Statutes Sec.52-572m(a), an allegation that a lessor negligently fails to repair or maintain its product prior to leasing it states a product liability claim. (Emphasis added.) Id., 395.
However, in Royal Insurance Company v. Belle Camperland, Inc., 2 Conn. L. Rptr. 707 (October 24, 1990, Mulcahy, J.), the court held that the exclusivity clause of CT Page 5676 the Products Liability Act does not bar common law remedies for claims based on repairs to a motor home by the seller subsequent to its sale to the plaintiff. Id., 708. The court in Royal reasoned that:
 [i]n Rodia, the allegations were that `the defendant lessor was a product seller which acted upon the product before leasing it' (emphasis added); here, the allegation of the first three counts deal with repairs made to the product after it was placed into the stream of commerce. Therefore, the first three counts of the complaint are not encompassed within the scope of the Products Liability Act. . . ."
Id., (Citations omitted.) In the instant case, the third count of the complaint does not allege harm caused by the defendant in its capacity as a product seller, but rather, harm caused by the defendant in the negligent servicing of rigging equipment. In addition, the plaintiff argues in his opposition memorandum that the rigging equipment, which was allegedly negligently repaired by the defendant, belonged to the plaintiff. This fact was not refuted by: (1) the defendant's reply remorandum [memorandum] in support of summary judgment dated March 29, 1993, or, (2) any affidavit of the defendant, as none were filed in accordance with Practice Book Sec. 380.
Therefore, it is decided that because the third count of the plaintiff's complaint does not allege harm caused by the defendant in its capacity as a product seller, but rather harm caused by the defendant's negligent servicing of rigging equipment belonging to the plaintiff, the third count is not encompassed by the products liability statute, General Statutes Sec. 52-572n. Accordingly, it is found that the defendant's motion for summary judgment on the third count of the plaintiff's complaint should be denied.
III. CONCLUSION
For the reasons herein stated, it is concluded that the defendant's motion for summary judgment ought to be and is here by granted on the second count and denied on the third CT Page 5677 count of the plaintiff's complaint.
It is so ordered.
ARENA J.