[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
This is rather a simple and straightforward suit for failure to pay for services or merchandise resulting in alleged damages to the plaintiff. The pleadings are closed, the defendant having filed an answer. The defendant admits services were rendered to and merchandise sold to defendant by the plaintiff but denies it owes the plaintiff anything.
The plaintiff has filed a motion for summary judgment. This was filed on September 9, 1993 and the matter was on short calendar October 4, 1993. The plaintiff attached an affidavit from its credit manager setting forth the amount of the claim. The defendant has filed nothing in reply.
 "A party seeking to resist summary judgment may not rely on underlying pleadings containing only general denials . . . to establish the existence of a `genuine issue' as to a material fact." Citizens National Bank v. Hubney, 182 Conn. 310, 312 (1980).
If a motion for summary judgment is supported by an affidavit or other document an adverse party . . ." by affidavit or as otherwise provided by 380 must set forth specific facts showing that there is a genuine issue for trial and if he does not to so respond, the court is entitled to rely upon the facts stated in the affidavit of the movant." Bartha v. Waterbury House Wrecking Co., 190 Conn. 8, 11, 17 (1983).
From what has been submitted on the motion for summary judgment, the court finds no material issue of fact exists. Nolan v. Borkowski, 206 Conn. 495, 500 (1988). The motion for CT Page 8397 summary judgment is granted.
Corradino, J.