[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING RE: PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (FILE #102)
The complaint alleges that defendant was the recipient of public assistance under the AFDC program from March 1, 1991 through April 30, 1992. Further, that in mid-June 1991, she notified Income Maintenance that her employment with BJ's Wholesale had ended on or around June 7, but in fact, she remained employed by BJ's during the period from June 9, 1991 through March 31, 1992, and thereafter. Plaintiff alleges that defendant's failure to report her continued employment resulted in overpayments of public assistance for the period from July 1, 1991 through March 31, 1992.
Connecticut Practice Book Section 379 et seq. provides that any party may move of summary judgment when the pleadings are closed, and judgment shall be rendered if the pleadings, affidavit(s), and supporting documentation establish that there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. cf. Dailyv. New Britain Machine Co., 200 Conn. 562, 568-69 (1986). On summary judgment, the court's proper function is to apply the rules of practice and determine "whether an issue of fact exists, but not to try that issue if it does exist." Nolan v.Borkowski, 206 Conn. 495, 500 (1986); Michaud v. Gurney,168 Conn. 431, 433 (1975). "Once the moving party has presented evidence in support of a summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed issue." State v. Goggin, 208 Conn. 606, 616 (1988).
A party moving for summary judgment must demonstrate that it is quite clear what the truth is, and that there does not exist any real doubt regarding the absence of any genuine issue of material fact. State v. Goggin, supra. The summary judgment motion is designed to dispose of actions in which there is no issue of any material fact. Michaud v. Gurney, supra at p. 433. Summary judgment is a legal means for the disposal of cases in a more expeditious, less costly fashion;Yanow v. Teal Industries, Inc., 178 Conn. 262, 269 (1979); it CT Page 5655 is a procedure which is designed to eliminate the delay and expense incident to a trial where there is no real issue to be tried. Wilson v. New Haven, 213 Conn. 277, 279 (1990). The test is whether the moving party would be entitled to a directed verdict on the same facts as a matter of law. Nolanv. Borkowski, supra at p. 505.
Here, the pleadings are closed; this pro se defendant has filed a handwritten answer denying all of the allegations set forth in the complaint. Neither general averments nor mere conclusions will suffice to show a triable issue of fact;Farrell v. Farrell, 182 Conn. 34, 39 (1980); rather, in order to successfully oppose a motion for summary judgment, the opposing party must recite facts which contradict those offered by the moving party. Citizens National Bank v.Hubney, 182 Conn. 310, 312 (1980). Plaintiff, in support of its summary judgment motion, has filed a memorandum of law, extensive documentation (including the DIM Report of Overpayment W-262, dated 5/13/92; Application for Public Assistance, dated 6/13/91; Disclosure of Gross Wages and Salary Paid by BJ's; DIM's Monthly Breakdown of Public Assistance Overpayments; Demand Letter, dated 1/19/93), and the affidavit of Susan Annelli, Investigator, Bur. of Collections, Department of Administrative Services, dated November 9, 1993. Defendant has not filed any documents in opposition to this motion.[1]
The statements contained in the Annelli affidavit detail the information developed through the Collection Services' investigation, and are amply supported by the documentation submitted. Such information addresses and confirms each of the allegations of the complaint. The uncontroverted materials establish that defendant was a recipient of AFDC during the period of 3/1/91 through 4/30/92; that after notifying the State that her BJ's employment would end on 6/7/91, she continued with BJ's to 3/31/92; that as a result, she received public assistance overpayments totalling $3,747.00; and, that notwithstanding written demand, said sum of $3,747.00 has not been repaid.
The court finds: (1) the pleadings are closed; (2) there exists no genuine issue as to any material fact (on the basis of the uncontroverted affidavit and documentation submitted by plaintiff); and, (3) plaintiff is entitled to judgment as a matter of law. CT Page 5656
Accordingly, the motion for summary judgment is herebygranted; and, judgment may enter in favor of the plaintiff, State of Connecticut, against the defendant, Janice Robinson, in the amount of $3,747.00, plus taxable costs.
Mulcahy, J.