[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: REQUEST FOR LEAVE TO AMEND
"`Whether to allow an amendment is a matter left to the sound discretion of the trial court.'" AirKaman, Inc. v. Groppo,221 Conn. 751, 766, 607 A.2d 410 (1992), quoting Falby v. Zarembski,221 Conn. 14, 24, 602 A.2d 1 (1992). "Factors to be considered in passing on a motion to amend are the length of the delay, fairness to the opposing parties and the negligence, if any, of the party offering the amendment." Id. "Amendments, however, should be made seasonably. Freccia v. Martin, 163 Conn. 160, 164, 302 A.2d 280
(1972). "[U]nless there is some sound reason for denying permission to amend it should be granted. Rose v. Messier,1 Conn. App. 653, 565, 474 A.2d 100 (1984).
In Shuster v. Buckley, 5 Conn. App. 473, 500 A.2d 240 (1985), the court refused to allow the plaintiff to amend his complaint after summary judgment was granted in favor of the defendant. The court held that "[t]he trial court's refusal to allow a belated amendment to a pleading in response to the filing of a motion for summary judgment by the adverse party will be sustained unless there is clear evidence of an abuse of discretion." Id., 479. InConference Center Ltd. v. TRC, 189 Conn. 212, 455 A.2d 857 (1983), the court held that the trial court did not abuse its discretion when it refused to allow an amendment on the day a summary judgment motion was set down for a hearing.
The court in Citizens National Bank v. Hubney, 182 Conn. 310,438 A.2d 430 (1980), found that the trial court did not abuse its discretion when it did not allow the defendants to amend their answer after the pleadings had been closed and a motion for summary judgment had been filed. Similarly, the court in Carey v. BessEaton Donut Flour Co., Inc., 3 CSCR 436 (April 22, 1988, Flanagan, J.) found that an amendment filed on the day a motion for summary judgment was argued was untimely. See also, City of Bridgeport v.Debek, 2 CSCR 548 (April 22, 1987) (court denied request to amend answer and special defenses after plaintiff had filed a motion for summary judgment).
The present action was commenced on June 11, 1993. Plaintiff filed its motion for summary judgment on December 23, 1993. That motion was set down for short calendar on January 24, 1994. On January 21, 1994, the defendant filed its request to amend. Since the defendant's request was filed after a motion for summary CT Page 9042 judgment was filed, this court would not abuse its discretion if it were to deny the defendant's request. Citizens National Bank v.Hubney, supra, 182 Conn. 310. It will case unreasonable delay to allow this amendment. Accordingly, the court sustains the plaintiff's objection.
HICKEY, J.