[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#157)
The plaintiff, Joseph Maciorowski, filed a single count complaint on April 3, 1992 alleging that the defendant, Liberty Telecommunications, Inc. (Liberty), negligently and carelessly left open a floor hatchway at the plaintiff's place of work, the Food Emporium, causing the plaintiff to sustain injuries when he fell through the hatchway. In this negligence action to recover for injuries suffered, the plaintiff seeks money damages.
On November 23, 1992, Liberty filed a motion to implead and a third party complaint pursuant to Connecticut General Statutes CT Page 6014 § 52-102a against the third party defendant, Timber Communications, Inc. (Timber). The complaint alleges that at the time of the plaintiff's injury, Liberty employed Timber to perform work on the premises of the Food Emporium, and Timber was negligent in leaving the floor hatchway open. In its action to implead, the third party plaintiff seeks indemnification for any judgment that may be rendered against it in favor of the plaintiff, as well as costs, expenses and attorney's fees.
In an answer filed June 10, 1994, the third party defendant, Timber, admitted working at the Food Emporium on February 22, 1990, but denied performing any work that involved floor hatchways or working there on April 6, 1990, the date of the plaintiff's claimed injury. On February 14, 1995, Timber filed a motion for summary judgment on the third party complaint on the ground that it was not involved in the fact pattern giving rise to the plaintiff's claims, and the wrong party has been sued. As required by Practice Book § 379 et seq., Timber filed a memorandum of law, an affidavit, and exhibits in support of its motion. The third party plaintiff, Liberty, did not file any documents in opposition as required by Practice Book § 380. On February 16, 1995, however, Liberty filed a motion for extension of time, which was granted until May 8, 1995. Since that date, Liberty has not filed any documents in opposition to Timber's motion.
Summary judgment is appropriate when the pleadings, affidavits, and any other proof submitted show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Practice Book § 384;Strada v. Connecticut Newspapers, Inc., 198 Conn. 313,477 A.2d 1005 (1984). The party moving for summary judgment bears the burden of proving the absence of a dispute as to any material fact.Nolan v. Borkowski, 206 Conn. 495, 500, 538 A.2d 1031 (1988). In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the non-moving party.Catz v. Rubenstein, 201 Conn. 39, 49, 513 A.2d 98 (1986).
Once the moving party has presented evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue. Daily v New Britain Machine Co., 200 Conn. 562, 568,512 A.2d 716 (1970). In the absence of documents properly controverting evidence offered by the party moving for summary judgment, the trial court is justified in granting the motion for summary judgment. Citizen's National Bank v. Hubney, 182 Conn. 310, CT Page 6015 313, 438 A.2d 430 (1980); see also Farrell v. Farrell,182 Conn. 34, 438 A.2d 415 (1980).
Timber argues that it is entitled to judgment on the third party complaint because Liberty has impleaded the wrong party. Specifically, Timber points to the affidavit of the president of Timber Communications and copies of two work invoices sent from Timber to Liberty. These documents show that Timber worked at the Food Emporium on February 22, 1990, approximately a month and one-half before the plaintiff suffered his claimed injuries. Timber's documents indicate that it did not return to the Food Emporium afterwards, and that the work performed involved the store's fourteen foot ceilings, not the floor or basement. Timber also points to the plaintiff's own deposition, which suggests a floor-originating injury (hatchway) that was caused by someone on the scene.
"Indemnity involves a claim for reimbursement in full from one who is claimed to be primarily liable." Atkinson v. Berloni,23 Conn. App. 325, 326, 580 A.2d 84 (1990). To successfully plead active/passive negligence indemnification, a party must allege facts sufficient to prove that: (1) the other party was negligent; (2) the other party's negligence was the direct and primary, immediate cause of the plaintiff's damages; (3) the other party was in exclusive control of the situation; and (4) that the party seeking indemnification neither knew of nor had reason to anticipate the other party's negligence and could reasonably rely upon the other party to act without negligence. CianbroCorporation v. Underwater Construction Co., Superior Court, Judicial District of New London at New London, Docket No. 523135 (January 14, 1994, Hurley J.) citing Burkert v. Petrol Plus ofNaugatuck, Inc., 214 Conn. 65, 74, 579 A.2d 26 (1990).
The evidence submitted by Timber indicates the lack of a factual nexus between its work at the Food Emporium and the context giving rise to the plaintiff's tort claims. This lack of connection necessarily undermines Liberty's action for indemnification. "A breach of duty by the defendant and a causal connecticut between the defendant's breach of duty and the resulting harm to the plaintiff are essential elements of a cause of action in negligence." Catz v. Rubenstein, 201 Conn. 39, 44,513 A.2d 98 (1986).
The proffered evidence indicates that Timber was not part of the fact pattern giving rise to the plaintiff's tort claims against CT Page 6016 Liberty. Because Liberty has not come forward with controverting evidence, it has failed to meet its burden of demonstrating the existence of a genuine issue of material fact and, as such, Timber is entitled to judgment as a matter of law. Accordingly, Timber's motion for summary judgment is granted.
KARAZIN, J.