[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANTS MOTION FOR SUMMARY JUDGMENT
This is a personal injury action brought by the plaintiffs, Robert Benjamin Knoob and James Harold Knoob ("Knoob") against the Town of North Branford ("Town"). Knoob seeks damages for injuries allegedly sustained when his vehicle struck a protruding manhole on an old portion of Route 17 in North Branford, Connecticut. By Amended Complaint dated December 9, 1999, Knoob has sued the Town alleging negligence and nuisance. The Town has moved for summary judgment claiming (1) that the negligence count of the amended complaint is barred by the doctrine of governmental immunity and (2) that the nuisance count fails to allege that the nuisance interferes with a right common to the general public. While styled as a motion for summary judgment, the Town'sattack on the Amended Complaint is, at least in part, more akin to a motion to strike. Knoob has responded to the Town's summary judgment motion in two ways. First, Knoob has made CT Page 5045 a request for leave to amend the complaint and attached a proposed amended complaint that addresses the defects alleged by the Town. Second, Knoob objects to the motion on substantive grounds asserting the existence of issues of material fact.
In the court's view, if the request for leave to amend the complaint is granted, the summary judgment claims of the Town are rendered moot.[1] The Town objects to allowing the complaint to be amended and claims that it has the right to have its summary judgment motion decided based on the current version of the complaint. Indeed, in its reply to Knoob's objection to its summary judgment motion, the Town asserts:
 "The Supreme Court has repeatedly upheld the prohibition of amendments to pleadings in the face of motions for summary judgment."
Reply Memorandum of Law To Plaintiff's Objection to Motion forSummary Judgment, p. 2.
In support of this statement, the Town cites, Conference CenterLtd. v. TRC, 189 Conn. 121, 215-16 (1983) and Citizens NationalBank v. Hubney, 182 Conn. 310, 313 (1980). While both these cases upheld the trial court's denial of requests to amend pleadings after a summary judgment motion was filed, it did so based on approving the exercise of the trial court's discretion to grant or deny belated amendments to the pleadings and not on the "prohibition" claimed by the Town. Moreover, in ConferenceCenter Ltd. v. TRC, supra the Supreme Court stated:
 "While a trial court may be well-advised to exercise leniency when amendments are proffered in response to a motion for summary judgment, rather than on the eve of trial, we have affirmed as discretionary the denial of permission to amend under such circumstances in Citizens National Bank v. Hubney, 182 Conn. 310, 313, 438 A.2d 430 (1980)."
 189 Conn. 217.
The above language makes clear that rather than prohibiting amendments to pleadings in response to motions for summary judgment, the Supreme Court is encouraging just the opposite. Therefore, since this case is not on the trial list, the I plaintiffs request for leave to amend complaint should be CT Page 5046 permitted. Further as noted above, the allegations in the proposed amended complaint render the summary judgment claims moot.
Accordingly, the plaintiff's Request For Leave to Amend Complaint dated March 18, 1999 is granted and the Town's motion for summary judgment is denied.
So Ordered at New Haven, Connecticut this 5th of April, 1999.
Devlin, J.