JAMES L. ACAMPORA, ADMINISTRATOR (ESTATE OF
VINCENT G. ACAMPORA) *v.* MARILYN ASSELIN,
ADMINISTRATRIX (ESTATE OF EVELYN
LEINING), ET AL.

COTTER, C. J., LOISELLE, BOGDANSKI, PETERS and HEALEY, Js.

Argued November 8, 1979—decision released January 1, 1980

*David A. Reif,* for the appellant (plaintiff).

*Peter C. Dorsey,* for the appellees (defendants).

PER CURIAM. This case arises out of a head-on collision between two automobiles on route 17 in Durham, Connecticut. The drivers of both cars were killed. The plaintiff James L. Acampora, administrator of the estate of Vincent G. Acampora, one of the drivers, sued the defendant Marilyn Asselin, administratrix of the estate of Evelyn Leining, the driver of the other car, as well as Irving Leining, the owner of the Leining car. The defendants filed a motion for summary judgment, supported by affidavits, which the plaintiff countered by his own affidavit. The trial court granted the motion for summary judgment and accordingly rendered judgment for the defendants. The plaintiff appeals.

The essential facts are not in dispute. The accident occurred when the Acampora car failed to

negotiate a curve, crossed the center line, and struck the Leining car which was approaching from the opposite direction. With the possible exception of an allegation as to speeding, there was no evidence that the Leining car was being driven improperly.

Although the plaintiff concedes that the Acampora car was being driven negligently into the oncoming lane of traffic, the plaintiff argues nonetheless that summary judgment was improper because a jury might have found sufficient negligence in the operation of the Leining vehicle so as to invoke the comparative negligence statute, General Statutes § 52-572h (a).[1] Under our comparative negligence statute, negligence attributable to the plaintiff would not be a complete bar to his recovery if such negligence was not greater than that of the defendants. Comparative negligence requires, however, that there be evidence to justify a finding of some negligence on the part of the defendants. The plaintiff maintains that the deposition testimony contained in the plaintiff's affidavit establishes an issue of material fact concerning negligence by the driver of the Leining car.

The only allegation of negligence that the plaintiff pursues on this appeal is the suggestion that the Leining vehicle was being driven at an unreasonable speed. The posted speed limit on route 17 at

---

[1] "[General Statutes] Sec. 52-572h. NEGLIGENCE ACTIONS. DOCTRINES APPLICABLE. (a) In causes of action based on negligence, contributory negligence shall not bar recovery in an action by any person or his legal representative to recover damages resulting from injury to persons or damage to property, if such negligence was not greater than the combined negligence of the person or persons against whom recovery is sought, but any damages allowed shall be diminished in the proportion of the percentage of negligence attributable to the person recovering. . . ."

the point of the accident was 45 miles per hour. Robert Hall, a passenger in the Leining car, testified, by deposition, as follows:

"Q. If I understand correctly, you cannot tell us exactly how fast your car was going?

A. No, I cannot.

Q. Do you have any general impression? Was it going at something comparable to the speed limit, or was it your impression it was going very slow or very fast?

A. I would say it would be comparable to the speed limit.

Q. But you don't know precisely?

A. I don't know exactly. It might have been 47, 50, 51. I don't know."

This testimony, far from establishing that Evelyn Leining was speeding, indicates only that the witness could not say what the car's speed might have been. None of the other witnesses deposed by the plaintiff was any more specific. While lay witnesses are competent to offer opinions on such matters as the speed of an automobile; *Squires* v. *Reynolds,* 125 Conn. 366, 368, 5 A.2d 877 (1939); they may only testify on the basis of observed facts. *Robinson* v. *Faulkner,* 163 Conn. 365, 372, 306 A.2d 857 (1972); *Johnson* v. *Newell,* 160 Conn. 269, 277, 278 A.2d 776 (1971); *Stephanofsky* v. *Hill,* 136 Conn. 379, 382–83, 71 A.2d 560 (1950); *Sydleman* v. *Beckwith,* 43 Conn. 9, 11 (1875). Viewed as a whole and in context, the Hall testimony is too speculative, too conjectural, to be evidence of speeding. See *Gray* v. *Mossman,* 91 Conn. 430, 437–38, 99 A. 1062 (1917); McCormick, Evidence 22 (2d Ed.); 2 Wigmore, Evidence 769 (1940). In the absence of

evidence as to speeding or any other act of negligence on the part of the defendants, the plaintiff has failed to show the existence of any issue of material fact which would warrant a full trial. His derivative claim of entitlement under comparative negligence fails for the same reason.

There is no error.