[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The pleadings are closed and a motion for summary judgment is proper at this time. CT Page 1349
On November 19, 1990, the plaintiff, Dairy Fresh, Inc., commenced this action against the defendants, The Coca Cola Bottling Company of New York, Inc. and The Coca Cola Financial Corp. The complaint alleges that in 1985 the plaintiff purchased vending machines from various sources including the defendants and placed the machines at various locations in the greater Hartford area. Plaintiff alleges that the defendants financed plaintiff's purchase of the vending machines. In connection with each machine the plaintiff purchased, the defendants provided the funding and plaintiff executed a promissory note in favor of the defendants which was payable in 36 monthly installments. The complaint further alleges that in August, 1990, the defendants claimed that the plaintiff had defaulted on its agreement to pay off the notes and threatened to repossess the vending machines that the defendants had sold to the plaintiff.
The plaintiff alleges that on or about August 15, 1990, the defendants, "improperly and without permission" seized at least five of the plaintiff's vending machines with their cold drink contents and money receipts. Plaintiff argues that as a result of the "unpermissible seizure" the plaintiff was rendered insolvent and forced to file a petition in bankruptcy under Chapter 11 on August 16, 1990. Plaintiff claims that these alleged acts by the defendants constituted conversion, interference with business relations, interference with contractual relations and breach of a duty to act in good faith. Plaintiff also argues that the aforesaid alleged violations constituted unfair trade practices under General Statutes42-110a et seq.
The defendants now move for summary judgment on the grounds that there is no genuine issue as to any material fact and that defendants are entitled to judgment as a matter of law. The defendants argue that plaintiff's breach of the terms of several promissory notes and conditional sales contracts executed in favor of and entered into with defendants. The defendants argue that the machines that were repossessed by the defendants were repossessed not only in accordance with the express terms of the writings between the parties, but also in accordance with Article 9 of the Uniform Commercial Code, as codified in General Statutes 49a-9-101 et seq. in that defendants retained title to and had a security interest in the subject equipment. Plaintiff additionally argues that the vending machines plaintiff alleges were wrongfully repossessed, were taken with the knowledge and express consent of the plaintiff.
"Practice Book 384 provides that summary judgment `shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any CT Page 1350 material fact and that the moving party is entitled to judgment as a matter of law.' Zichichi v. Middlesex Memorial Hospital,204 Conn. 399, 402, 528 A.2d 805 (1987). `Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact; D.H.R. Construction Co. v. Donnelly, 180 Conn. 430, 434, 429 A.2d 903 (1980); a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. Practice Book 380, 381; Burns v. Hartford Hospital, (192 Conn. 451,455, 472 A.2d 1257 (1984)). In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. Town Bank Trust Co. v. Benson, 176 Conn. 304, 309, 497 A.2d 971 (1978).' Strada v. Connecticut Newspapers, Inc., 193 Conn. 313, 317,477 A.2d 1005 (1984). `The test is whether a party would be entitled to a directed verdict on the same facts.' Batick v. Seymour,186 Conn. 632, 647 443 A.2d 471 (1982)." Connell v. Colwell,214 Conn. 242, 246-247, 571 A.2d 116 (1990).
A motion for summary judgment is the proper vehicle by which to test the legal sufficiency of a cause of action after the pleadings are closed. Camp v. Chase, 39 Conn. Sup. 264, 267
n. 1, 476 A.2d 1087 (Super.Ct., 1983, Kline, J.). "A motion for summary judgment is designed to eliminate the delay and expense incident to a trial when there is no real issue to be tried." Dorazio v. M. B. Foster Electric Co., 157 Conn. 226, 228,253 A.2d 22 (1968). "Summary judgment procedure, generally speaking, is an attempt to dispose of cases involving sham or frivolous issues in a manner which is speedier and less expensive for all concerned than a full-dress trial." (Citation omitted.) Town Bank Trust Co. v. Benson, supra. The test for granting summary judgment is whether the moving party would be entitled to a directed verdict on the same facts. Connell v. Colwell, supra, 246-247; Wilson v. New Haven,213 Conn. 277, 279-80, 567 A.2d 829 (1989).
Where the opposing party fails to respond to the movant's affidavit as required by 380 and relies only on his pleadings or non-specific statements, he runs the risk that the trial court will rely upon the facts as stated in the movant' s affidavit and grant the motion for summary judgment thereupon. "When a motion for summary judgment is supported by affidavits and other documents, an adverse party, by affidavit or as otherwise provided by 380, must set forth specific facts showing that there is a genuine issue at trial, and if he does not so respond, the court is entitled to rely upon the facts stated in the affidavit of the movant." (Citations omitted.) Bartha v. Waterbury House Wrecking Co., 190 Conn. 8, 11-12,459 A.2d 115 (1983). See, e.g., Fogarty v. Rashaw, supra, 444-445; CT Page 1351 Kakadelis v. DeFabritis, 191 Conn. 276 , 280-281 , 464 A.2d 57
(1983); Farrell v. Farrell, 182 Conn. 34, 38-39 n. 4,438 A.2d 415 (1980) Green v. East Hartford, 16 Conn. Law Trib. No. 3, p. 23 (December 20, 1989, Purtill, J.). But see Batick v. Seymour,186 Conn. 632, 645-646, 443 A.2d 471 (1982) (failure of opposing party to file counter-affidavit excused in fraud action because he could have no personal knowledge of defendant's mental state and the inferences to be drawn in dealing with questions of motive and intent were inappropriate subjects for summary judgment). Even where an opposing affidavit or other documentation is filed, the motion for summary judgment still may be granted, where the counter-affidavit is insufficient to raise an issue of fact. See, e.g., Burns v. Hartford Hospital, supra, 455-469 (plaintiff's counter-affidavit ruled insufficient to raise issue of fact where plaintiff had made admissions to the contrary in her deposition); Accamparo v. Asselin, 179 Conn. 425,426-427, 426 A.2d 797 (1980) (defendant's motion for summary judgment upheld, where deposition evidence on behalf of plaintiff was to conjectural in auto accident case). See also Citizens National Bank v. Hubney, 182 Conn. 310, 312-313,438 A.2d 430 (1980).
Count I (conversion)
There is a question of fact as to whether all the machines repossessed by the defendant were financed by the defendant. Since there are mixed questions of fact and law, the motion for summary judgment as to the count that sounds in conversion is denied.
Count II (interference with business relations)
In order to succeed on a claim of tortious interference with a business expectancy, a plaintiff must show that defendant was guilty of fraud, misrepresentation, intimidation or molestation or that the defendant acted maliciously. Sportmen's Boating Corp. v. Hensley, 192 Conn. 747, 474 A.2d 780 (1984); Jones v. O'Connell, 189 Conn. 648, 458 A.2d 355 (1983); Goldman v. Feinberg, 130 Conn. 671, 37 A.2d 355 (1944). In addition, a plaintiff must establish that, except for defendants' interference, there was a reasonable probability that the plaintiff would have made a profit. Selby v. Pelletier, 1 Conn. App. 320,472 A.2d 1285 (1984).
Plaintiff asserts no facts from which one could reasonably intimate that defendants engaged in anything resembling fraud, misrepresentation, intimidation, molestation or malice. Defendants' affidavit filed in support of their motion for summary judgment would tend to show the opposite. Moreover, plaintiff's own documents before the bankruptcy court demonstrate CT Page 1352 that as a matter of law the plaintiff could not demonstrate that there was a reasonable probability that the plaintiff would have made a profit.
Motion for summary judgment as to count II is granted. Count III (interference with contractual relations)
In order to prevail on a claim of interference with contractual relations, the plaintiff must affirmatively plead and prove the existence of a contractual relationship, the defendant's knowledge of that relationship, a specific intent to interfere with that relationship and consequent actual loss suffered by plaintiff. Solomon v. Aberman, 196 Conn. 359, 383,493 A.2d 1938 (1985); Hart, Nininger Campbell Assoc. Inc. v. Rogers, 16 Conn. App. 619, 548 A.2d 758 (1988). The plaintiff must demonstrate that the defendant intentionally procured the breach of the contract through fraud, misrepresentation, etc. and that the interference was a knowing one and not an inadvertent or incidental one. Human v. Endriss, 187 Conn. 374,446 A.2d 9 (1982); Steele v. J S Metals, Inc., 32 Conn. Sup. 17,335 A.2d 629 (1974).
The plaintiff fails to allege that the claimed interference was in fact intentional or knowing, or that defendants had any knowledge of the alleged oral contractual agreements with the people who controlled the various sites where the machines were installed. The motion for summary judgment as to Count III is granted.
Count IV (breach of duty to act in good faith)
There are questions of fact with respect to whether the defendants acted in good faith in their dealings with the plaintiff. There are mixed questions of fact and law and therefore defendants' motion for summary judgment with respect to Count IV is denied.
Count V (CUTPA)
The court in A-G Foods, Inc. v. Pepperidge Farm, Inc.,216 Conn. 200, 215, 579 A.2d 69 (1990), stated:
 Pepperidge Farm argues that its negligence was not an unfair or deceptive trade practice within the meaning of General Statutes 42-110b(a). We agree. Section 42-110b(a) provides: "No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." In determining when a practice is unfair, we have "`adopted the criteria set CT Page 1353 out in the "cigarette rule" by the federal trade commission "(1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise-whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers [(competitors or other businessmen)] . "Conaway v. Prestia, [191 Conn. 484, 492-93, 464 A.2d 847 (1983)], quoting FTC v. Sperry Hutchins on Co. 405 U.S. 223, 244-45 n. 5, 92 S.Ct. 898, 31 L.Ed.2d 179 (1972).' McLaughlin Ford, Inc. v. Ford Motor Co., 192 Conn. 558, 567-68, 473 A.2d 1185
(1984); see Statement of Basis and Purpose of Trade Regulation Rule 408, `Unfair or Deceptive Advertising and Labeling of Cigarettes in Relation to the Health Hazards of Smoking,' 29 Fed. Reg. 8324, 8355 (1964)." Atlantic Richfield Co. v. Canaan Oil Co., 202 Conn. 234, 239, 520 A.2d 1008 (1987); Daddona v. Liberty Mobile Home Sales, Inc., 209 Conn. 243, 254, 550 A.2d 1061 (1988).
A-G Foods, Inc., supra 215 (footnotes omitted).
The plaintiff's affidavit sets forth sufficient facts and criteria so that there is a question of fact as to whether defendants' practice amounted to a breach of public policy in that it violates a statute and thus whether it fits within A-G Foods, Inc.
The defendants' motion for summary judgment with respect to Count V is denied.
Walsh, J.