[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
FACTS
On March 3, 1995, the plaintiff, Verna Krider, filed a three count complaint against the defendants, Horst and Annette Zimmerman, Charles Joseph, Jr. and Charlene Schultz, alleging an action in negligence pursuant to a slip and fall incident that occurred in an alley that runs between the premises located at 47A and 53 Main Street, Jewett City, Connecticut.
On May 30, 1996, the defendant, Schultz, moved for summary judgment on the grounds that there are no genuine issues of material fact and the defendant is entitled to judgment as a matter of law because the plaintiff's claim is barred, since her injury did not occur on the defendant's property. On October 24, 1996, the plaintiff objected to the defendant's motion, asserting that the motion and supporting documentation fails to adequately contradict genuine issues of material fact raised in the plaintiff's complaint. On October 25, 1996, the defendants, Horst and Annette Zimmerman, objected to Schultz's motion, making the same arguments as did the plaintiff in her objection.
DISCUSSION
"Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Doty v. Mucci, 238 Conn. 800, 805, ___ A.2d ___
(1996). Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v.United Technologies Corp., 233 Conn. 732, 751, 660 A.2d 810
(1995). "The burden of proof is on the moving party that there is no genuine issue of material fact and the standards of summary judgment are strictly and forcefully applied." Id. A material fact has been defined as a fact that will make a difference in the result of the case. Hammer v. Lumberman'sCT Page 7553Mutual Casualty Co., 214 Conn. 573, 578, 573 A.2d 699 (1990). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) HomeIns. Co. v. Aetna Life Casualty Co., 235 Conn. 185, 202,663 A.2d 1001 (1995).
"Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . ." (Internal quotation marks omitted.) Id. "Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Alterations in original; internal quotation marks omitted.) Id.
Where there is no genuine issue as to any material fact, the court must decide whether the moving party is entitled to judgment as a matter of law. Bartha v. Waterbury HouseWrecking Co., 190 Conn. 8, 11, 459 A.2d 115 (1983). That question is resolved by applying to the established facts the same criteria used in determining whether a party would be entitled to a directed verdict on the same facts. Connell v.Colwell, 214 Conn. 242, 247, 571 A.2d 116 (1990). "Only evidence that would be admissible at trial may be used to support or oppose a motion for summary judgment." Home Ins.Co. v. Aetna Life Casualty Co., supra, 202-03, citing Practice Book § 381.
In the present case, the defendant supports her motion for summary judgment with: (1) a sworn affidavit, in which she states that she did not own, possess, control or maintain the alley between 47A and 53 Main Street, Jewett City, at any time; (2) an uncertified copy of a photograph of the area where the slip and fall incident allegedly occurred; (3) an uncertified copy of excerpts from the plaintiff's January 16, 1996 deposition; and (4) an uncertified copy of her lease for Charlene's Diner made with defendant, Charles Joseph, Jr.
In opposition, the plaintiff and the defendants, the Zimmermans, argue that the motion for summary judgment and CT Page 7554 supporting evidence fail to adequately dispose of an important material fact — ownership, possession or control of the property where the alleged slip and fall incident occurred. Neither party filed a counter affidavit as evidence to support their opposition to the motion for summary judgment.
It is recognized that the failure to file a counter affidavit does not mean that summary judgment should necessarily enter automatically; Pepe v. New Britain,203 Conn. 281, 287, 524 A.2d 629 (1987); because the movant still has the burden of demonstrating the absence of a genuine issue as to a material fact. Accordingly, the court reviews the defendant's motion and supporting evidence to determine whether they are sufficient to meet the defendant's burden of proof.
The defendant's sworn affidavit, in which she denies owning, possessing, controlling or maintaining the area where the alleged incident occurred, is self-serving and is not conclusive as a matter of law. See Williams v. Priddy,
Superior Court, judicial district of Waterbury, Docket No. 118456 (January 18, 1996, Fasano, J.). Furthermore, the supporting documents submitted by the defendant as exhibits fail to qualify as affidavits because of the absence of an oath. See Fogarty v. Rashaw, 193 Conn. 442, 444, 476 A.2d 582
(1984). Because the documents' authenticity has not been verified, these documents provide an insufficient basis for summary judgment. See Rosa v. Carvalho, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 283446 (January 4, 1993, Leheney, J.).
The court further finds that the supporting documents submitted by the defendant are insufficient to affirmatively show that there is no genuine issue of material fact, even if the documents were certified. The copy of a lease between Charlene's Diner and the defendant, Charles Joseph, Jr., shows only that the defendant, Schultz, d/b/a Charlene's Diner, does not own the property on which the diner is located. The lease fails to dispose of the issue of whether the defendant possessed or controlled the area of the alley in which the alleged slip and fall incident occurred.
Furthermore, "[u]ncertified copies of excerpts of deposition transcripts are not admissible as evidence and do not comply with the requirements of Practice Book § 380." CT Page 7555Oberdick v. Allendale Mutual Ins., Superior Court, judicial district of New Haven at New Haven, Docket No. 283004 (August 25, 1993, Celotto, J.). "A response to a question propounded in a deposition is not a judicial admission." Id., citingEsposito v. Wethered, 4 Conn. App. 641, 645, 496 A.2d 222
(1985).
It is true that some courts have accepted deposition testimony in support of a motion for summary judgment to establish the sequence of events. See, e.g., Acampora v.Asselin, 179 Conn. 425, 426-27, 426 A.2d 797 (1980). In the present case, however, the defendant is attempting to use uncertified documents and deposition testimony to determine whether a legal duty exists. The court need not consider such evidence in deciding the motion for summary judgment. SeeOberdick v. Allendale Mutual Ins., supra; Rosa v. Carvalho,
supra. Yet, even if the plaintiff's deposition were sworn, the court finds that the deposition fails to dispose of the issue of control or possession of the area where the alleged slip and fall incident occurred.
Finally, even if the defendant provided the court with testimony as to the authenticity of the uncertified copy of the photograph of the area where the alleged slip and fall incident occurred, the photograph fails to affirmatively show whether the defendant had possession or control of the area. The photograph's only value is to show where the alleged slip and fall incident occurred, which is not the only material fact at issue in this case.
"The moving party is no longer automatically entitled to summary judgment because no counter affidavit is filed. The court can consider the pleadings and other documentary proof already in the court file." Bunosso v. Burtville Associates,
Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 027157 (October 24, 1990, Fuller J.), citing Citizens National Bank v. Hubney, 182 Conn. 310, 312,438 A.2d 430 (1980). See also Practice Book §§ 380, 384;Schwartz v. Goodwin, Superior Court, judicial district of New Haven at New Haven, Docket No. 348395 (February 28, 1994, Hartmere, J.) (finding that, where the nonmovant fails to attach a counter affidavit, the court may still conclude that an issue of material fact exists and deny the motion for summary judgment.) CT Page 7556
In the present case, the pleadings raise issues of material fact, since it is unclear which, if any, party was negligent. Accordingly, the defendant, as the moving party, failed to discharge her burden of showing that no material fact is genuinely at issue. "Summary judgment should be denied when the affidavits of the moving party do not affirmatively show that there is no genuine issue of fact as to all relevant issues of the case." (Citations omitted.)Walker v. Lombardo, 2 Conn. App. 266, 269, 477 A.2d 168
(1984). The defendant's motion for summary judgment is denied.
CONCLUSION
The defendant's motion for summary judgment is denied because the motion and supporting documentation fail to affirmatively show that there are no genuine issue of fact as to all relevant issues in the case.
Booth, J.