## TUCCIO DEVELOPMENT, INC. *v.* HARRY NEUMANN, JR.
### (AC 29147)

DiPentima, McLachlan and Dupont, Js.

Argued October 14—officially released December 16, 2008

*John R. Williams,* for the appellant (plaintiff).

*Charles E. Vermette, Jr.,* with whom, on the brief, was *Christopher J. Sochacki,* for the appellee (defendant).

*Opinion*

McLACHLAN, J. The plaintiff, Tuccio Development, Inc., appeals from the summary judgment rendered by the trial court in favor of the defendant, Harry Neumann, Jr. The plaintiff challenges the court's holdings that there was no genuine issue of material fact and that Neumann was entitled to judgment as a matter of law. We affirm the judgment of the trial court.

The plaintiff, a residential real estate development corporation, contracted with Neumann, a licensed Realtor, to market and sell residential properties for the plaintiff from 2000 through 2002. From 2001 until January 6, 2004, the plaintiff was engaged in a legal malpractice action against its former legal counsel.[1] On

---

[1] *Tuccio Development, Inc.* v. *Donnelly, McNamara & Gustafson, P.C.,* Superior Court, judicial district of Danbury, Docket No. CV-01-0343253-S, resulted in a judgment in favor of the plaintiff. The legal malpractice action related to the plaintiff's business and properties for which Neumann was the plaintiff's Realtor.

September 12, 2006, the plaintiff filed a one count complaint against Neumann, alleging violations of General Statutes § 20-325h[2] and the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq. In the complaint, the plaintiff alleged that "[t]hroughout the entire time of the [litigation against Donnelly, McNamara & Gustafson, P.C.], [Neumann] furnished confidential information, such as the plaintiff's motivations to purchase and sell real property and previous offers regarding same, for the purpose of disadvantaging the plaintiff, to the parties opposing the plaintiff in said litigation and/or to their attorneys." The plaintiff alleged that those disclosures, which were in violation of § 20-325h, constituted "unfair and deceptive acts and practices in trade and commerce within the meaning of [CUTPA]."

On June 7, 2007, Neumann filed a motion for summary judgment, alleging that there was no genuine issue of material fact and that he was entitled to summary judgment as a matter of law. Neumann submitted two supporting affidavits with his motion: (1) his affidavit swearing that during the prior malpractice litigation, he did not provide any documents or information to

[2] General Statutes § 20-325h provides in relevant part: "(a) No real estate licensee shall: (1) Reveal confidential information concerning a person whom the real estate licensee represented either as an agent, designated buyer agent or a designated seller agent . . . or (3) use confidential information concerning that person for the . . . advantage of a third party, except as required by legal process, as necessary to defend the real estate broker or real estate salesperson from allegations of wrongful or negligent conduct, or as necessary to prevent the commission of a crime.

"(b) As used in this section, 'confidential information' means facts concerning a person's assets, liabilities, income, expenses, motivations to purchase, rent or sell real property and previous offers received or made to purchase or lease real property which are not authorized by the client, a matter of general knowledge, part of a public record or file to which access is authorized pursuant to section 1-210 or otherwise subject to disclosure under any other provision of the general statutes or any regulation of Connecticut state agencies."

the parties opposing the plaintiff[3] and (2) an affidavit by the opposing parties' attorney, Stephen P. Fogerty, affirming that he received discovery from the plaintiff but no documents or information from Neumann.[4]

On July 5, 2007, the plaintiff filed a memorandum of law in opposition to the motion for summary judgment. The plaintiff asserted that "[u]nquestionably, during both the pretrial phase and the trial phase of *Tuccio Development, Inc.* v. *Donnelly, McNamara & Gustafson, P.C.* . . . defense counsel had and used against the plaintiff documents which the plaintiff had sent to Mr. Neumann."[5] The plaintiff argued that because Edward Tuccio, an owner and officer of the plaintiff,

---

[3] Neumann's affidavit states:

"1. I am over eighteen years of age and believe in the obligation of an oath.

"2. I am a licensed [R]ealtor in the State of Connecticut.

"3. During the years 2000, 2001 and 2002, I contracted with [the plaintiff] to market and sell residential properties in the Town of Ridgefield, Connecticut.

"4. At no time during the pendency of the civil litigation referenced in the plaintiff's Complaint . . . did I have any contact with the parties opposing the plaintiff in said litigation and/or their attorneys.

"5. At no time during the pendency of the Litigation did I provide any documents or information to the parties opposing the plaintiff in said litigation and/or to their attorneys."

[4] Fogerty's affidavit states:

"1. I am over eighteen years of age and believe in the obligation of an oath.

"2. I am an attorney licensed to practice in the State of Connecticut, and I am a partner at Halloran & Sage, LLP.

"3. I represented Donnelly, McNamara & Gustafson, P.C., Paul McNamara and Rex Gustafson in a lawsuit filed by [the plaintiff], hereinafter the 'Litigation'.

"4. On January 9, 2002, I filed Interrogatories and Requests for Production upon [the plaintiff].

"5. On May 23, 2002, [the plaintiff] filed compliance with the Interrogatories and Requests for Production consisting of 900 pages. Each page was stamped beginning with 00001-00900 in the exact order as produced by [the plaintiff].

"6. At no time during the pendency of the Litigation did I have any contact with Harry Neumann, Jr.

"7. At no time during the pendency of the Litigation did I receive any documents or information from Harry Neumann, Jr., or his office."

[5] The plaintiff identified exhibits one and two attached to its memorandum of law as support for this proposition. Exhibit one is an excerpt of Edward Tuccio's September 10, 2002 deposition testimony, and exhibit two is an

had not produced the documents to the defendants' counsel in the prior litigation, there existed a genuine issue of material fact as to the source of those documents and that "[f]or present purposes, the issue [was] whether the evidence is such that a jury could conclude that the source was . . . Neumann." The plaintiff also argued that Edward Tuccio's affidavit,[6] along with the exhibits[7] and Neumann's admissions, provided sufficient evidence for a jury to conclude that "[Neumann] was the source of the documents from his file, which were possessed and used by the plaintiff's opponent[s] in [*Tuccio Development, Inc.* v. *Donnelly, McNamara & Gustafson, P.C.*]."

Following oral argument,[8] the court conducted a thorough review of the evidence and concluded that the

excerpt from the December 9, 2003 testimony of Edward Tuccio; both include examination of the plaintiff regarding an October 20, 2000 letter sent by Edward Tuccio to the defendant. Although the plaintiff did not submit certified copies of the testimony, the defendant did not object to its admissibility, and the court, in its discretion, chose to review the testimony. See *Schilberg Integrated Metals Corp.* v. *Continental Casualty Co.*, 263 Conn. 245, 273, 819 A.2d 773 (2003).

[6] Edward Tuccio's affidavit, which was attached to the memorandum of law, states:

"1. I am an owner and officer of Tuccio Development, Inc., the plaintiff in this lawsuit. I have personal knowledge of all the facts relevant to this matter.

"2. I was personally involved in all aspects of *Tuccio Development, Inc.* v. *Donnelly, McNamara & Gustafson, P.C.* . . . a civil suit tried to verdict in this court.

"3. Exhibit 1 is a true and accurate copy of pages taken from the transcript of my deposition in the aforesaid lawsuit on September 10, 2002.

"4. I personally attended every day of the trial of that case and testified at such trial. Exhibit 2 is a true and accurate copy of portions of my testimony at that trial.

"5. I personally reviewed our discovery response, Exhibit 3. No communications from me or my company to Harry Neumann, Jr., or his company were included in such response."

[7] The plaintiff attached, as the third exhibit to its memorandum of law, its responses to the interrogatories and requests for production. The responses, however, repeatedly refer to attached documents that were not submitted to the trial court as exhibits in this case.

[8] The plaintiff has not provided this court with a transcript of the oral argument held before the court on July 9, 2007.

plaintiff's argument was "mere conjecture and [was] not supported by any evidence or materials offered by the plaintiff." The court also found that "the plaintiff has not submitted any evidence to contradict or rebut that offered by [Neumann], and, therefore, there exists no genuine issue as to any material fact. Accordingly, . . . Neumann is entitled to judgment as a matter of law, and the motion for summary judgment is granted."

The plaintiff claims that the court improperly held that there was no genuine issue of material fact and that Neumann was entitled to judgment as a matter of law. We disagree.

"Because the court's decision on a motion for summary judgment is a legal determination, our review on appeal is plenary. . . . The law governing summary judgment and the accompanying standard of review are well settled. Practice Book § [17-49] requires that judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A material fact is a fact that will make a difference in the result of the case. . . . The facts at issue are those alleged in the pleadings. . . .

"In seeking summary judgment, it is the movant who has the burden of showing the nonexistence of any issue of fact. The courts are in entire agreement that the moving party for summary judgment has the burden of showing the absence of any genuine issue as to all the material facts, which, under applicable principles of substantive law, entitle him to a judgment as a matter of law. The courts hold the movant to a strict standard. To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. . . . As the burden of proof is on the

movant, the evidence must be viewed in the light most favorable to the opponent. . . .

"It is frequently stated in Connecticut's case law that, pursuant to Practice Book §§ 17-45 and 17-46, a party opposing a summary judgment motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. . . . [T]ypically [d]emonstrating a genuine issue requires a showing of evidentiary facts or substantial evidence outside the pleadings from which material facts alleged in the pleadings can be warrantably inferred. . . . Moreover, [t]o establish the existence of a material fact, it is not enough for the party opposing summary judgment merely to assert the existence of a disputed issue. . . . Such assertions are insufficient regardless of whether they are contained in a complaint or a brief. . . . Further, unadmitted allegations in the pleadings do not constitute proof of the existence of a genuine issue as to any material fact." (Citation omitted; internal quotation marks omitted.) *DaGraca* v. *Kowalsky Bros., Inc.*, 100 Conn. App. 781, 785–86, 919 A.2d 525, cert. denied, 283 Conn. 904, 927 A.2d 917 (2007).

"Although the court must view the inferences to be drawn from the facts in the light most favorable to the party opposing the motion . . . a party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment. . . . A party opposing a motion for summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Internal quotation marks omitted.) Id., 792.

The plaintiff claims that the court improperly held that there was no genuine issue of material fact. The plaintiff claims that the court "ruled in effect that without 'smoking gun' evidence that [Neumann] was the

source of the purloined documents, the plaintiff could not prevail." The plaintiff claims that "the evidence submitted to the court, which had to be credited, proved that there were only two possible sources of the documents—the plaintiff and [Neumann]—and that the plaintiff was not the source."[9] The plaintiff misstates the evidence it produced for the court.

Neumann provided the court with competent evidence that he did not produce any confidential documents or information to the plaintiff's opposing parties or to their attorney in the prior litigation. Neumann produced both his sworn affidavit attesting to that fact and the sworn affidavit of the opposing parties' attorney. The plaintiff, however, produced only deposition testimony showing that a letter Edward Tuccio wrote to Neumann was used in the prior litigation and Edward Tuccio's statement in his affidavit that he "personally reviewed [the plaintiff's] discovery response . . . and [n]o communications from me or my company to Harry Neumann, Jr., or his company were included in such response." Thus, in response to Neumann's evidence that he had turned over no confidential communications, the plaintiff's evidence, viewed in the light most favorable to the plaintiff, showed only that (1) the opposing parties had received the communication and (2) the plaintiff had not included the communication in its discovery response to the opposing parties. Despite the plaintiff's argument to the contrary, it supplied absolutely no evidence that the plaintiff and Neumann were the only possible sources of the documents. The plaintiff supplied no evidence that Edward Tuccio did not supply a third party with copies of the documents. Moreover, the plaintiff did not even submit the

---

[9] The plaintiff makes much of its argument that "[c]ircumstantial evidence is in no way inferior to direct evidence." We do not challenge this principle but find no support for the plaintiff's argument that it proved its case with circumstantial evidence.

documents it alleged were turned over by Neumann. Thus, the plaintiff failed to supply sufficient circumstantial evidence that would make the inference that Neumann turned over the documents anything more than speculation. We must therefore conclude that the plaintiff provided the court with nothing more than "mere speculation or conjecture" and did nothing to refute the facts stated in the defendant's affidavits. See *Larobina* v. *McDonald*, 274 Conn. 394, 399–400, 876 A.2d 522 (2005). The court correctly determined that there was no genuine issue as to any material fact and that Neumann was entitled to judgment as a matter of law.

The judgment is affirmed.

In this opinion the other judges concurred.