******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

TEANNA ESCOURSE ET AL. *v.* 100 TAYLOR
AVENUE, LLC, ET AL.
(AC 35528)

DiPentima, C. J., and Gruendel and Beach, Js.

*Argued January 9—officially released June 10, 2014*

(Appeal from Superior Court, judicial district of
Fairfield, Hon. Richard P. Gilardi, judge trial referee.)

*Paul L. Brozdowski*, for the appellants (plaintiffs).

*James A. Budinetz*, with whom was *David W. Case*,
for the appellee (defendant Gennaro Cappuccia).

*Opinion*

DiPENTIMA, C. J. The plaintiffs, Teanna Escourse, through her parents and next friends, and her parents, Gillian Escourse and Christopher Fearon, individually, appeal from the summary judgment rendered by the trial court in favor of the defendant Gennaro Cappuccia.[1] On appeal, the plaintiffs claim that the court improperly granted the motion for summary judgment because (1) the defendant failed to meet his burden of showing the absence of any genuine issue of material fact, and (2) there was an evidentiary foundation to demonstrate the existence of a genuine issue of material fact.[2] We affirm the judgment of the trial court.

The record reveals the following facts and procedural history. In the early morning of January 1, 2011, Teanna Escourse, then sixteen years old, was struck by a hit and run driver while walking along the shoulder of Taylor Avenue in the southbound lane of travel in front of 100 Taylor Avenue in Norwalk. The plaintiffs brought a five count complaint against multiple defendants: 100 Taylor Avenue, LLC, the owner of property located at 100 Taylor Avenue; Christopher Condors, the owner of property with a parking lot located diagonally across the street from 100 Taylor Avenue at 97 Taylor Avenue; the city of Norwalk; and the defendant, the owner of property with two parking lots located directly across the street from 100 Taylor Avenue at 103 Taylor Avenue. The second count of the operative complaint was directed against the defendant. The plaintiffs alleged, inter alia, that Teanna Escourse was forced to walk along the shoulder of the road, eventually resulting in injuries and damages, because the defendant was negligent "in that [he] plowed the snow that had accumulated on his property across the street into the southbound lane of traffic on Taylor Avenue, the southbound shoulder of the roadway, and onto the sidewalk abutting 100 Taylor Avenue, thereby rendering the sidewalk impassible to pedestrians . . . ."[3]

On November 27, 2012, the defendant filed a motion for summary judgment, arguing that neither he nor anyone on his behalf plowed snow from his property across the street, onto the shoulder of the roadway, and onto the sidewalk in front of 100 Taylor Avenue. In support of his motion, the defendant provided, among other things, affidavits from himself and his snow removal contractor, James O'Brien, as well as deposition testimony from Vidal Gonez, a Norwalk police officer. The plaintiffs objected, arguing that the evidence they submitted, principally a photograph depicting the conditions in front of 100 Taylor Avenue at the time of the incident and deposition testimony from Robert Schriver, the owner of property located at 100 Taylor Avenue, raised a genuine issue of material fact as to whether the defendant had plowed snow from his property onto the sidewalk in front of 100 Taylor Avenue.

The court granted the motion for summary judgment, finding that the "unequivocal" affidavits submitted by the defendant showed that there was no genuine issue of material fact as to "liability and proximate cause with respect to the defendant . . . ." The court further found that the plaintiffs failed to provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact because the photograph and deposition testimony submitted by them "amounted to nothing more than unsubstantiated assumptions as to the involvement of the defendant." This appeal followed. Additional facts will be set forth as necessary.

"The standards governing our review of a trial court's decision to grant a motion for summary judgment are well established. Practice Book [§ 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. . . . A material fact . . . [is] a fact which will make a difference in the result of the case. . . . Finally, the scope of our review of the trial court's decision to grant [a] motion for summary judgment is plenary." (Internal quotation marks omitted.) *Romprey* v. *Safeco Ins. Co. of America*, 310 Conn. 304, 312–13, 77 A.3d 726 (2013).

I

The plaintiffs first claim that the court improperly granted the motion for summary judgment because the defendant failed to meet his burden of showing the absence of any genuine issue of material fact. The plaintiffs contend that the "self-serving, conclusory" affidavits submitted by the defendant in support of his motion for summary judgment fail to show the absence of any genuine issue of material fact because they "merely deny the allegations in the complaint . . . ." We are not persuaded.

The following additional facts are necessary for our discussion. The defendant submitted two affidavits in support of his motion for summary judgment: one from himself and another from O'Brien, his snow removal contractor. In his personal affidavit, the defendant averred that he uses, owns and operates a personal plow truck to remove snow from his property. He also averred that neither he nor anyone on his behalf plowed

or placed "any snow on either the southbound lane of traffic on Taylor Avenue or onto the southbound shoulder of the roadway or on[to] the sidewalk in front of 100 Taylor Avenue . . . at any time up to and including January 1, 2011 . . . ." He further averred that, with respect to a snowstorm that ended on December 27, 2010, he plowed that snow from his parking lots to separate grass areas on his property. In his affidavit, O'Brien averred that he did not plow snow at the defendant's property following the December 27, 2010 snowstorm, but that he does plow snow for the defendant when he is away on vacation. He further averred that at "no time up to and including January 1, 2011" had he plowed snow from the defendant's property to either the southbound lane of traffic on Taylor Avenue or onto the southbound shoulder of the roadway or onto the sidewalk in front of 100 Taylor Avenue.[4] The court found that the affidavits submitted by the defendant were sufficient to demonstrate the nonexistence of a genuine issue of material fact as to his liability or proximate cause. We agree.

The plaintiffs' claim rests in large part on our decision in *Gambardella* v. *Kaoud*, 38 Conn. App. 355, 660 A.2d 877 (1995). That case involved a slip and fall on an allegedly defective sidewalk. Id., 356. There, the plaintiffs alleged that the defendants "caused and/or did allow sand, sticks, and debris to accumulate on said walkway, thereby covering and concealing from view the cracked surface . . . ." (Internal quotation marks omitted.) Id., 359. That allegation, we concluded, was "of a positive act by the defendants, which, if proved at trial, could form the basis for the defendants' liability in negligence . . . ." Id. We further concluded that summary judgment was inappropriate because the defendants failed to adduce evidence to establish the absence of a factual dispute. Id. In support of that conclusion, we explained: "The only evidence produced in connection with the plaintiffs' allegations that the defendants had actively caused the unsafe condition of the sidewalk was in the form of affidavits submitted by the defendants. In these affidavits it was averred that none of the defendants had created any condition on the sidewalk that was unsafe, nor had any of the defendants created or maintained any situation that caused the sidewalk to become multi-angled, uneven, cracked, and in a state of disrepair. These averments are little more than denials of the facts alleged in the plaintiffs' complaint. Denials of the allegations in the complaint are an insufficient basis for the rendition of summary judgment." Id., 359–60.

Citing *Gambardella*, the plaintiffs argue that the affidavits submitted by the defendants merely were denials of the allegations in their complaint, and thus, insufficient to establish the nonexistence of a genuine issue of material fact. The analogy the plaintiffs seek to draw to *Gambardella* is unpersuasive. As discussed pre-

viously, the defendants in *Gambardella* denied allegations of negligence by means of personal affidavits, but critically, they did not challenge the factual basis of those allegations. That is not the case here. Rather than deny that he did not plow snow across the street, the defendant specifically averred in his personal affidavit that following the December 27, 2010 snowstorm, he plowed snow from his parking lots to grass areas on his property. In addition, O'Brien averred that he did not plow in the area of Taylor Avenue up to and including January 1, 2011. In doing so, the defendant not only provided detailed facts, separate from the allegations, to support his denial of liability, but also demonstrated the nonexistence of any genuine issue as to whether he plowed snow from his property onto the sidewalk. *Gambardella* does not stretch so far as to discount, wholesale, personal affidavits that assert admissible facts, made on personal knowledge, in opposition to a plaintiff's allegations. See *Patel* v. *Flexo Converters U.S.A., Inc.*, 309 Conn. 52, 60–61, 68 A.3d 1162 (2013) (affidavit submitted by defendant's vice president sufficient to demonstrate nonexistence of genuine issue as to whether employee was defendant's alter ego); *Mingachos* v. *CBS, Inc.*, 196 Conn. 91, 114, 491 A.2d 368 (1985) (relying on personal affidavits of defendant employees averring that they had not acted with intent to cause injuries to uphold trial court's granting of summary judgment). Accordingly, we agree with the court that the defendant met his burden of showing the absence of any genuine issue of material fact, and, therefore, the plaintiffs' claim fails.

## II

The plaintiffs next claim that the court improperly granted the motion for summary judgment because there was an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. Specifically, the plaintiffs contend that they submitted sufficient circumstantial evidence to support the reasonable inference that the defendant, or someone on his behalf, plowed snow following the December 27, 2010 snowstorm from his property across the street, onto the shoulder of the roadway, and onto the sidewalk in front of 100 Taylor Avenue. We disagree.

The following additional facts, viewed in the light most favorable to the plaintiffs, are relevant to our discussion. The plaintiffs submitted a personal affidavit from Gillian Escourse, Teanna Escourse's mother, in which she averred that on January 1, 2011, she took a photograph of the area where she had found her daughter lying in the snow. She further averred that the photograph, which was appended to her affidavit, was "a true and accurate depiction of the conditions of the sidewalk in front of 100 Taylor Avenue and the shoulder of the roadway the night of the incident." The photograph depicts a snowbank with a concave impression, which

according to the plaintiffs, reasonably may be inferred to have been formed by the blade of a snowplow driven from the direction of one of the defendant's parking lots. The plaintiffs argue that "the sheer volume of snow depicted, the height, depth, size and shape of the snowbank, the texture of the snow piled up high in relation to the surrounding areas, as well as the concave impression in the snowbank parallel to the street" is circumstantial evidence that the defendant, or someone on his behalf, plowed snow from his parking lot onto the street, the shoulder of the roadway, and the sidewalk in front of 100 Taylor Avenue.

The plaintiffs also submitted deposition testimony from Schriver, who testified about snow removal practices in the general area of 100 Taylor Avenue. During a portion of his testimony, illustrative of the whole, Schriver testified that there was "one time or twice" that "someone" put snow on his property. Asked to compare his recollection of the incident with the photograph submitted by the plaintiffs, Schriver testified that he did not know when the photograph was taken or whether it captured the incident he recalled. When later asked about the time period of the incident he recalled, the following exchange occurred:

"Q. When was this incident that you're referring to?

"A. After one of the snowstorms.

"Q. Before or after the incident that involves us here today?

"A. I couldn't—I don't—I couldn't elaborate on that. I really don't remember. We had this problem occur like in Norwalk repetitiously by different property owners multiple times throughout the city.

"Q. You don't know which property owner it is you're referring to with respect to this incident, do you?

"A. For this particular blade?

"Q. Yes.

"A. No."

It is true that Schriver also testified about an incident involving a contractor who plowed snow from the defendant's property to the area in front of 100 Taylor Avenue. He could not, however, testify as to when this occurred, whether the photograph depicted the event, or whether he observed the contractor in the act of plowing snow.[5]

The court found that the evidence offered by the plaintiffs was too speculative and conjectural to raise a genuine issue of material fact as to liability and proximate cause. The plaintiffs disagree, countering that the reasonable inferences drawn from the circumstantial evidence created genuine issues as to liability and proximate cause, removing them from the field of conjecture and speculation to preclude the rendering of summary

judgment. We agree with the court.

"It is frequently stated in Connecticut's case law that, pursuant to Practice Book §§ 17-45 and 17-46, a party opposing a summary judgment motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. . . . [T]ypically [d]emonstrating a genuine issue requires a showing of evidentiary facts or substantial evidence outside the pleadings from which material facts alleged in the pleadings can be warrantably inferred. . . . Moreover, [t]o establish the existence of a material fact, it is not enough for the party opposing summary judgment merely to assert the existence of a disputed issue. . . . Such assertions are insufficient regardless of whether they are contained in a complaint or a brief. . . . Further, unadmitted allegations in the pleadings do not constitute proof of the existence of a genuine issue as to any material fact. . . .

"Although the court must view the inferences to be drawn from the facts in the light most favorable to the party opposing the motion . . . a party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment. . . . A party opposing a motion for summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Citation omitted; internal quotation marks omitted.) *Tuccio Development, Inc.* v. *Neumann*, 111 Conn. App. 588, 594, 960 A.2d 1071 (2008).

The evidence presented by the plaintiffs in opposition to the motion for summary judgment fails to establish a genuine issue as to whether the defendant plowed snow from his property onto the sidewalk in front of 100 Taylor Avenue. None of the evidence contradicts the defendant's evidence. Viewing it in the light most favorable to the plaintiffs, the evidence establishes the size and location of the snowbank relative to the defendant's property and the probable use of a snowplow by someone generally. The evidence does not support the inference that the defendant plowed snow from his property into the street, onto the shoulder of the roadway, or onto the sidewalk in front of 100 Taylor Avenue. To conclude otherwise would be to resort to guesswork, conjecture, and speculation. See id.

No testimony was submitted from a witness, for example, who observed the defendant plow snow from his property onto the sidewalk. Schriver's testimony came nearest to approximating eyewitness testimony, but even when viewed in the light most favorable to the plaintiffs, his testimony was unclear and inconclusive, often confusing events, locations, actors, and time periods. See *DeCorso* v. *Watchtower Bible & Tract Society of New York, Inc.*, 78 Conn. App. 865, 871, 829 A.2d 38 ("[i]f the affidavits and the other supporting documents are inadequate, then the court is justified in granting

the summary judgment" [internal quotation marks omitted]), cert. denied, 266 Conn. 931, 837 A.2d 805 (2003). Nor was there evidence of the size, shape or type of snowplow used by the defendant or whether it was a match for the concave impression left in the snowbank. Nor is this a case where there was testimony from an expert linking the direction or angle of the concave impression to a fixed point of origin, for example, the defendant's property. Thus, the record before the trial court reveals no genuine issues of material fact to warrant a full trial. See *Acampora* v. *Asselin*, 179 Conn. 425, 427–28, 426 A.2d 797 (1980).

The judgment is affirmed.

In this opinion the other judges concurred.

[1] 100 Taylor Avenue, LLC, the city of Norwalk, and Christopher Condors were also defendants in this action, but are not involved in this appeal. We therefore refer in this opinion to Cappuccia as the defendant.

[2] The plaintiffs also claim that the court improperly failed to view the evidence, and reasonable inferences therefrom, in the light most favorable to them as the nonmoving party. Pointing to the court's choice of words in describing the evidence, such as "unequivocal" and "unsubstantiated," the plaintiffs argue that the court did not apply the appropriate standard of review. This claim warrants minimal discussion. As discussed more fully in part II of this opinion, upon our plenary review of the record, viewing the evidence in the light most favorable to the plaintiffs, we conclude that there were no genuine issues of material fact. Whatever error may be assigned to the court due to the character or adornment of its language therefore is immaterial.

[3] In the operative complaint, count one was directed against 100 Taylor Avenue, LLC, count three against Condors, and count four against the city of Norwalk. Those counts are not at issue here, leaving counts two and five to be discussed. In count five, the parents of Teanna Escourse, individually, asserted a claim for medical expenses against all of the defendants. Because the claim for medical expenses hinges on a finding of negligence, our resolution of count two removes the need to address count five. See *Shiels* v. *Audette*, 119 Conn. 75, 77, 174 A. 323 (1934).

[4] O'Brien also averred that he plowed snow for the defendant following a January 12, 2011 storm. He asserted that he pushed snow left by a city of Norwalk plow onto the sidewalk of 100 Taylor Avenue. He later averred, however, that he removed that snow from the sidewalk after being asked to do so by a male neighbor.

[5] In his affidavit, O'Brien averred that this incident took place following a January 12, 2011 snowstorm. See footnote 3 of this opinion.